# EXHIBIT A

# Summons & Complaint

STATE OF MINNESOTA                       DISTRICT COURT

COUNTY OF RAMSEY                 SECOND JUDICIAL DISTRICT

| | |
|---|---|
| DISABILITY SUPPORT ALLIANCE, on behalf of its members; and ERIC WONG,<br><br>*Plaintiffs,*<br><br>v.<br><br>HEARTWOOD ENTERPRISES, LLC,<br><br>*Defendant.* | Case No. _____<br><br>Case Type: <u>14  (Other Civil)</u>_____<br><br><br>**SUMMONS** |

THIS SUMMONS IS DIRECTED TO <u>**Heartwood Enterprises, LLC.**</u>

     **1.**    **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

     **2.**    **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at:

           Paul R. Hansmeier (MN Bar #387795)
           CLASS JUSTICE PLLC
           100 South Fifth Street, Suite 1900
           Minneapolis, MN 55402

     **3.**    **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe

the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

    **4.**    **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

    **5.**    **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

    **6.**    **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

_____

_____    1/23/2015 _____
Plaintiff's attorney's signature    Dated

Paul R. Hansmeier (MN Bar # 387795)
CLASS JUSTICE PLLC
100 South Fifth Street, Suite 1900
Minneapolis, MN 55402
E-mail: mail@classjustice.org
Phone: (612) 326-9801

STATE OF MINNESOTA

COUNTY OF RAMSEY

DISTRICT COURT

SECOND JUDICIAL DISTRICT

| | |
|---|---|
| DISABILITY SUPPORT ALLIANCE, on behalf of its members; and ERIC WONG, <br><br> *Plaintiffs,* <br><br> v. <br><br> HEARTWOOD ENTERPRISES, LLC, <br><br> *Defendant.* | Case No. _____ <br><br> Case Type: <u>14  (Other Civil)</u> <br><br><br> **COMPLAINT** <br><br> **Injunctive Relief Sought** |

Plaintiffs Disability Support Alliance and Eric Wong, by and through the undersigned counsel, bring this action against Defendant Heartwood Enterprises, LLC, a Minnesota limited liability company, for violations of the Americans With Disabilities Act, 42 U.S.C. § 12181, *et seq.* (the "ADA") and its implementing regulations, for violations of the Minnesota Human Rights Act, Minn. Stat. Chapter 363A (the "MHRA"), and for the commission of a Bias Offense, Minn. Stat. § 611A.79, and allege as follows:

## INTRODUCTION

1.    Plaintiffs bring this civil rights action against Defendant for failing to design, construct, and/or own or operate facilities that are fully accessible to, and independently usable by, persons with disabilities. Defendant has failed to remove architectural barriers to an accessible path of travel at the office building known as "Heartwood Offices", even where such removal is readily achievable.

2.     The violations alleged in this complaint occurred at "Heartwood Offices", located at 889 Grand Avenue, St. Paul, Minnesota, 55105.

3.     Defendant's failure to provide equal access to "Heartwood Offices" violates the mandates of the ADA and the MHRA to provide full and equal enjoyment of a public accommodation's goods, services, facilities, privileges, and advantages.

4.     Defendant's conduct constitutes an ongoing and continuous violation of the law. Defendant Heartwood Enterprises, LLC was given advance notice that its facilities contained accessibility barriers through a letter sent on December 5, 2014, prior to the initiation of the instant suit for relief. Despite being given notice, Defendant has failed to take any prompt and equitable steps to remedy the discriminatory barriers at their facilities.

5.     Accordingly, Plaintiffs seek a declaration that Defendant's facilities violate federal and state law and an injunction requiring Defendant to make modifications to the facilities so that they are fully accessible to, and independently usable by, individuals with disabilities. Plaintiffs further request that the Court retain jurisdiction over this matter for a period to be determined to ensure that Defendant continues to comply with the relevant requirements of the ADA and MHRA.

## JURISDICTION AND VENUE

6.     This is an action for declaratory and injunctive relief, pursuant to Title III of the ADA, for damages, civil penalties, and injunctive relief pursuant to the MHRA and for damages pursuant to the Minnesota Bias Offense statutes. This Court has concurrent jurisdiction over the federal cause of action, and has original jurisdiction over the state cause of action pursuant to Minn. Stat. 363A.33 and Minn. Stat. 611A.79.

7.     Venue in this judicial district is proper because Defendant is located and transacts business within this judicial district and has sufficient contacts to be

subject to personal jurisdiction in this judicial district, and because this is the judicial district in which the acts and omissions giving rise to the claims occurred.

## PARTIES

8.      Plaintiff Disability Support Alliance is a Minnesota nonprofit corporation organized under Chapter 317A of the Minnesota Statutes. Each member of the Disability Support Alliance is a person with a disability who is recognized as a member of a protected class under federal and state law. The purpose of the Disability Support Alliance is to "eliminate discrimination on the basis of disability" and "promote the betterment of the lives of those living with disabilities." Disability Support Alliance's members have long been actively promoting the Disability Support Alliance's organizational mission in their individual capacities and are continuing their efforts through the Disability Support Alliance. Disability Support Alliance's members live in Minnesota.

9.      Plaintiff Eric Wong is a resident of the city of Minneapolis, Minnesota. Plaintiff Wong suffers from, and all times relevant hereto has suffered from, a legal disability as defined by the ADA, 42 U.S.C. § 12102(2), and as defined by the MHRA, Minn. Stat. 363A.03, Subd. 12. Plaintiff is therefore a member of a protected class under the ADA, under the regulations implementing the ADA set forth at 28 C.F.R. § 36.101 *et seq.*, and under the MHRA.

10.      Mr. Wong suffers from Ehlers-Danlos syndrome, a rare and disabling genetic condition typified by joint instability and chronic musculoskeletal pain. He suffers frequent subluxations (partial dislocations) of the shoulders, elbows, hips, and knees. He is substantially limited in performing several major life activities, including but not limited to walking and standing. Postural orthostatic tachycardia with a high degree of orthostatic intolerance, a condition related to Ehlers-Danlos syndrome, can cause him to lose consciousness while performing tasks that require

him to stand upright. He uses a wheelchair for mobility when traveling outside his home. As a person with a disability, he has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

11.     Defendant Heartwood Enterprises, LLC is a Minnesota limited liability company with its principal place of business at 92 N. Mississippi River Boulevard, St. Paul, Minnesota 55104. Defendant Heartwood Enterprises, LLC is the owner of the real property and improvements which are the subject of this action, the office building known as "Heartwood Offices". Defendant Heartwood Enterprises, LLC leases space in "Heartwood Offices" to tenants, including "Give Me Some Skin Spa", a full-service skin care practice, Christopher B. Donahue, Ph.D., LP, a licensed psychologist, and "Being", psychotherapy clinic, making "Heartwood Offices" a place of public accommodation within the meaning of the ADA, 42 U.S.C. § 12181(7), and the MHRA, Minn. Stat. § 363A.03 Subd. 34. "Heartwood Offices" is located at the street address of 889 Grand Avenue, St. Paul, Minnesota, 55105.

## FACTUAL BACKGROUND

12.     On or around December 3, 2014 Plaintiff Wong attempted to visit "Heartwood Offices", which is located approximately 9.0 miles from his apartment.

13.     Upon arrival, Plaintiff Wong could not find an accessible entrance. "Heartwood Offices" is situated in a building converted from a house into an office building. The front entrance was located at the top of a set of four steps. Accessing the rear entrance also required climbing a set of four steps.

14.     No signage indicated the existence of an accessible entrance or a route to an accessible entrance from an inaccessible entrance.

15.     In light of the architectural barriers at "Heartwood Offices", Plaintiff Wong and other members of the Disability Support Alliance are deterred from visit-

- 4 -

ing the businesses at "Heartwood Offices" in the future. These individuals are unable to enter "Heartwood Offices". Plaintiff Wong and other Disability Support Alliance members would like to be able to patronize the businesses located at "Heartwood Offices", but these architectural barriers deter them from doing so. They plan to return and check for an accessible entrance to "Heartwood Offices" when they learn that the premises have been made fully accessible to persons who use wheelchairs for mobility.

16.    Plaintiff Wong attempted to access Defendant's premises, but could not do so independently on a full and equal basis because of his disabilities, due to the architectural barriers to access and violations of the ADA and MHRA that exist at Defendant's premises. As a result of Defendant's non-compliance with the ADA and MHRA, Plaintiff Wong and members of the Disability Support Alliance cannot independently access the facilities and/or are excluded from full and equal enjoyment of the goods, services, privileges, advantages, and/or accommodations offered therein.

## THE ADA AND ITS IMPLEMENTING REGULATIONS

17.    On July 26, 1990, President George H.W. Bush signed into law the ADA, 42 U.S.C. § 12101, *et seq.*, a comprehensive civil rights law prohibiting discrimination on the basis of disability. In its findings, Congress determined that, among other things:

    a. Some 43 million Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole grows older;

    b. Historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, discrimination

against individuals with disabilities continues to be a serious and pervasive social problem;

c. Discrimination against individuals with disabilities persists in such critical areas as employment, public housing accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

d. Individuals with disabilities continually encounter various forms of discrimination; and

e. The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our society is justly famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. § 12101(a)(1)–(3), (5), (9).

18. Congress explicitly stated that the purpose of the ADA was to:

a. Provide a clear and comprehensive mandate for the elimination of discrimination against individuals with disabilities;

b. Provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

c. Invoke the sweep of congressional authority, including the power to enforce the Fourteenth Amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by individuals with disabilities.

42 U.S.C. § 12101(b)(1), (2), (4).

19. Title III of the ADA prohibits discrimination in the activities and facilities of places of public accommodation, and requires places of public accommodation to comply with ADA standards and to be readily accessible to, and independently usable by, individuals with disabilities. 42 U.S.C. § 12181–89.

20. The ADA provided places of public accommodation one and one half years from its enactment to implement its requirements. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a business had 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 2181; 28 C.F.R. § 36.508(a).

21. Pursuant to the mandates of 42 U.S.C. § 12134(a), the Department of Justice ("DOJ") promulgated federal regulations to implement the requirements of Title III of the ADA, which are codified at 28 C.F.R. Part 36. Appendix A of the 1991 Title III regulations (republished as Appendix D to 28 C.F.R. Part 36) contains the ADA Standards for Accessible Design, which were based upon the ADA Accessibility Guidelines ("1991 ADAAG") published by the Access Board on the same date. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993 if a business had 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181, *et seq.*; 28 C.F.R. § 36.508(a).

22. In 1994, the Access Board began the process of updating the 1991 ADAAG by establishing a committee composed of members of the design and construction industries, the building code community, and State and local government entities, as well as individuals with disabilities.

23. In 1999, based largely upon the report and recommendations of the advisory committee, the Access Board issued a notice of proposed rulemaking to update and revise the 1991 ADAAG.

24.     The Access Board issued final publication of revisions to the 1991 ADAAG on July 3, 2004.

25.     On September 30, 2004, the DOJ issued an advance notice of proposed rulemaking to begin the process of adopting the 2004 ADAAG revisions.

26.     On June 17, 2008, the DOJ published a notice of proposed rulemaking covering Title III of the ADA.

27.     The extended process of revising the 1991 ADAAG culminated with the DOJ's issuance of the 2010 Standards for Accessible Design ("2010 Standards"). The 2010 Standards incorporated the revised 2004 ADA Accessibility Guidelines ("ADAAG"), as well as the requirements contained in subpart D of 28 C.F.R. Part 36. The DOJ published the Final Rule detailing the 2010 Standards on September 15, 2010. The 2010 Standards became effective on March 15, 2011.

## FACTUAL ALLEGATIONS

28.     Defendant has discriminated against Plaintiff Wong and members of the Disability Support Alliance on the basis of their disabilities by failing to comply with the requirements of the ADA, the ADAAG, and the MHRA with regard to "Heartwood Offices". A specific, though not exclusive, list of unlawful physical barriers and ADA violations present at "Heartwood Offices" which limit the ability of persons in wheelchairs to access the facilities and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, includes the following:

> a.  "Heartwood Offices" does not have an accessible entrance, in violation of ADAAG 4.1.3(8)(a)(i). Exhibit A to the complaint shows the front and rear entrances of "Heartwood Offices" and the steps located in front of the door.

b. To the extent that "Heartwood Offices" has an accessible entrance, the entrance is not marked as being accessible, in violation of ADAAG 4.1.2(7)(c).

c. To the extent that "Heartwood Offices" has an accessible entrance, the route from the inaccessible entrances to the accessible entrance (if any) is not marked with directional signage, in violation of ADAAG 4.1.3(8)(d).

29.    The above listing is not to be considered all-inclusive of the barriers and violations of the ADA and MHRA encountered by Plaintiff or which exist at "Heartwood Offices."

30.    In order to fully remedy the discriminatory conditions, Plaintiffs require an inspection of "Heartwood Offices" in order to photograph and measure all such barriers to access and violations of the ADA, ADAAG, and MHRA.

31.    Compliance with the ADA standards, the ADAAG, and the MHRA is required by 42 U.S.C § 12182(b)(2)(A)(iv) because removal of architectural barriers is readily achievable. Compliance with the ADA standards, the ADAAG, and the MHRA is readily achievable by Defendant due to the lack of difficulty and low cost of remedying the above-listed barriers. Some of the above-listed violations can be remedied through the same measures prescribed by federal regulation as examples of modifications that are "readily achievable", including, but not limited to, installing ramps 28 C.F.R. § 36.304(b). Even if installing a permanent ramp would not be readily achievable, Defendant could comply with federal standards by deploying a portable ramp. § 28 C.F.R. 36.304(e).

32.    As a person with a disability, Plaintiff Wong has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein. As an or-

ganization devoted to reducing discrimination against persons with disabilities, and whose members have been directly impacted by the discriminatory conditions at "Heartwood Offices", Disability Support Alliance has an interest in remedying the barriers at the subject premises.

33.    Without injunctive relief, Defendant's failure to remove accessibility barriers will continue to cause injury to Plaintiffs, who will continue to be deterred from patronizing the businesses at "Heartwood Offices" and will continue to be unable to independently access "Heartwood Offices" and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, in violation of their rights under the ADA and MHRA.

## FIRST CAUSE OF ACTION
### Violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*

34.    Plaintiffs incorporate and reallege the above paragraphs.

35.    Section 302(a) of Title III of the ADA, 42 U.S.C. §§ 12101 *et seq.*, provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

36.    Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations that is equal to the opportunities afforded to other individuals.

37.    Defendant has discriminated against Plaintiffs and others in that they failed to make their place of public accommodation fully accessible to persons with

- 10 -

disabilities on a full and equal basis in violation of 42 U.S.C. § 12182(a) and the regulations promulgated thereunder, including the ADAAG, as described above. Plaintiff Wong and Disability Support Alliance members have been denied full and equal access to "Heartwood Offices" and/or have been denied the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations on a full and equal basis.

38. Defendant has failed to take any prompt and equitable steps to remedy their discriminatory conduct. Defendant's violations of the ADA and ADAAG are ongoing.

39. Defendant has failed to remove architectural barriers to full and equal access by Plaintiff Wong and other members of Disability Support Alliance, even though removing the barriers is readily achievable. Removal of the architectural barriers would neither fundamentally alter the nature of the business nor result in an undue burden to Defendant.

40. This Court has authority under 42 U.S.C. § 12188 to grant Plaintiffs injunctive relief, including an order requiring Defendant to make "Heartwood Offices" readily accessible to and independently usable by individuals with disabilities to the extent required by the ADA and ADAAG, and/or to close "Heartwood Offices" until such time as Defendant cures the access barriers.

41. Plaintiffs have retained the undersigned counsel for the filing and prosecution of this action, and is entitled to recover reasonable attorneys' fees, litigation expenses and costs from Defendant, pursuant to 42 U.S.C. §§ 12205, 12117, and 28 C.F.R. § 36.505.

## SECOND CAUSE OF ACTION
### Violations of the Minnesota Human Rights Act, Minn. Stat. Chapter 363A

42. Plaintiffs incorporate and reallege the above paragraphs.

43.   Minn. Stat. 363A.11 provides:

It is an unfair discriminatory practice:

(1) to deny any person the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation because of [...] disability [...]; or

(2) for a place of public accommodation not to make reasonable accommodation to the known physical, sensory, or mental disability of a disabled person.

44.   Under the general prohibitions established by the MHRA, Minn. Stat. 363A.11, Subd. 2, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations that is equal to the opportunities afforded to other individuals.

45.   Defendant has engaged in unfair discriminatory practices against Plaintiffs and others in that they have failed to make their place of public accommodation fully accessible to persons with disabilities on a full and equal basis. The acts herein constitute violations of the MHRA, 363A.11. Plaintiffs have been denied full and equal access to "Heartwood Offices", and/or have been denied the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations offered therein on a full and equal basis.

46.   Defendant has failed to take any prompt and equitable steps to remedy their discriminatory conduct. Defendant's violations of the MHRA are ongoing.

47.   Defendant has failed to remove architectural barriers to full and equal access by Plaintiffs and other persons with disabilities, even though removing the architectural barriers is readily achievable. Removal of the architectural barriers would neither fundamentally alter the nature of the business nor result in an undue burden to Defendant.

- 12 -

48.    This Court has authority under Minn. Stat. 363A.33, Subd. 6, and Minn. Stat. 363A.29, Subd. 3–4, to issue an order directing Defendant to cease and desist from its unfair discriminatory practices and to take affirmative action to make their facilities readily accessible to and independently usable by individuals with disabilities. The Court furthermore has authority under these statutory provisions of the MHRA to order Defendant to pay a civil penalty to the state.

49.    Plaintiffs have retained the undersigned counsel for the filing and prosecution of this action, and is entitled to recover reasonable attorneys' fees from Defendant as part of the costs, pursuant to Minn. Stat. 363A.33, Subd. 7.

## THIRD CAUSE OF ACTION
### Civil Damages for Bias Offenses

50.    Plaintiffs incorporate and reallege the above paragraphs. Defendant has committed an unfair discriminatory act as set forth in section 363A.11 of the Minnesota Statutes.

51.    Section 363A.30 of the Minnesota Statutes provides that any person who commits an unfair discriminatory act under section 363A.11 of the Minnesota Statutes shall be guilty of a misdemeanor.

52.    Section 611A.79 of the Minnesota Statutes provides a person who is damaged by a bias offense has a civil cause of action against the person who committed the offense.

53.    Defendants committed a bias offense against Plaintiffs by violating the MHRA's public accommodation provisions and by discriminating against Plaintiffs on the basis of their respective disabilities.

**WHEREFORE**, Plaintiffs respectfully request:

a. That the Court issue a Declaratory Judgment that determines that Defendant's facilities, at the commencement of the instant suit, are in violation of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, and the relevant implementing regulations including the ADAAG, and that Defendants' conduct and/or inaction constitutes an unfair discriminatory practice under the MHRA.

b. That the Court issue a permanent injunction, pursuant to 42 U.S.C. § 12188(a)(2), 28 C.F.R. § 36.504(a), Minn. Stat. 363A.33, Subd. 6, and Minn. Stat. 363A.29, Subd. 3, enjoining Defendant from continuing their discriminatory practices; including an order directing Defendant to make all readily achievable alterations to its facilities so as to remove architectural barriers to access and make its facilities fully accessible to and independently usable by individuals with disabilities to the extent required by the ADA and the MHRA; and also including an order requiring Defendant to make all reasonable modifications in policies, practices or procedures necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities on a full and equal basis.

c. That the Court order Defendant to pay a civil penalty to the state pursuant to Minn. Stat. 363A.33, Subd. 6 and Minn. Stat. 363A.29, Subd. 4.

d. That the Court award Plaintiffs damages, to be paid by Defendant pursuant to Minn. Stat. 363A.33, Subd. 6, Minn. Stat. 363A. 29, Subd. 4 and Minn. Stat. 611A.79, Subd. 2.

- 14 -

e. That the Court award Plaintiffs their reasonable attorneys' fees, litigation expenses, and costs of suit pursuant to 42 U.S.C. § 12205, 28 C.F.R. § 36.505, and Minn. Stat. 363A.33, Subd. 7, or as otherwise provided by law; and

f. That the Court issue such other relief as it deems just and proper, and/or is allowable under Title III of the ADA or the MHRA.


DATED: <u>January 23, 2015</u>

/s/ Paul Hansmeier
Paul R. Hansmeier (MN Bar # 387795)
CLASS JUSTICE PLLC
100 South Fifth Street, Suite 1900
Minneapolis, MN 55402
E-mail: mail@classjustice.org
Phone: (612) 326-9801

## ACKNOWLEDGMENT

Pursuant to Minn. Stat. § 549.211, the undersigned hereby acknowledges that monetary and other sanctions may be imposed for presenting a position to the Court that is unwarranted or for an improper purpose, as more fully defined in that statute.

DATED: <u>January 23, 2015</u>

By: _____

Paul R. Hansmeier (MN Bar #387795)

# EXHIBIT A



