## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

DISABILITY SUPPORT ALLIANCE,
on behalf of its members; and ERIC WONG,

             Plaintiffs,

v.

HEARTWOOD ENTERPRISES, LLC,

             Defendant.

Civil No. 15-cv-529 PAM/FLN

**JOINT RULE 26(f) REPORT**

---

The parties/counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules on March 25, 2015, at the offices of Winthrop and Weinstine, P.A., and prepared the following report.

The initial pretrial conference required under Fed. R. Civ. P. 16 and LR 16.2 is scheduled for May 27, 2015 at 3:00 p.m. before the Honorable Judge Paul A. Magnuson in chambers at Room 374, United States District Court, 734 Federal Building, 316 Robert St., Saint Paul, Minnesota. The parties do not request that the pretrial be held by telephone.

Plaintiff Eric Wong - Mr. Wong's address is 560 N. 2nd Street, Apt. 401 Minneapolis, MN 55401. Mr. Wong is not employed. Mr. Wong is represented by Paul Hansmeier, Class Justice PLLC, 100 South Fifth Street, Suite 1900, Minneapolis, MN 55402.

Plaintiff Disability Support Alliance – registered agent at 100 5th St. S. Suite 1900 Minneapolis, MN 55402. Disability Support Alliance is represented by Paul Hansmeier, Class Justice PLLC, 100 South Fifth Street, Suite 1900, Minneapolis, MN 55402.

Heartwood Enterprises, LLC – Heartwood Enterprises, LLC's principal place of business is located at 92 N. Mississippi Boulevard, St. Paul, Minnesota. Heartwood Enterprises, LLC owns a small number of commercial properties in the St. Paul area. Heartwood Enterprises, LLC is represented by Joseph Windler, Winthrop & Weinstine, P.A., 225 S. 6th St., Suite 3500, Minneapolis, MN 55402.

There are not any insurance carriers which may be liable for payment of any damage award.

**(a)   Description of the Case.**

(1)   Concise factual summary of plaintiffs' claims:

Plaintiffs allege that Defendant is operating a place of public accommodation in violation of Title III of the Americans With Disabilities Act and Section 363A.11 of the Minnesota Human Right Act. Specifically, Plaintiffs allege that Defendant owns and operates "Heartwood Office," which is located at 889 Grand Avenue, St. Paul, Minnesota 55105, and that "Heartwood Office" lacks an entrance that is accessible to persons who use wheelchairs for transport. Plaintiffs also contend that removal of the entrance-related architectural barrier is readily achievable because: (a) other similarly-situated businesses have installed permanent entrance ramps; and (b) if installation of a permanent ramp is deemed to be not readily achievable, there are several low-cost (and in some cases zero cost) alternative measures for providing the accommodations associated with "Heartwood Office" to persons with disabilities. Defendant's failure to install a permanent ramp or implement recognized alternative measures are both considered to be violations of the ADA and/or MHRA.

(2)   Concise factual summary of defendant's claims/defenses:

Defendant's defenses to Plaintiffs' claims include, but are not limited to, that it did not violate the Americans with Disabilities Act or the Minnesota Human Rights Act because the removal of any purported architectural barrier is not readily achievable, that Plaintiffs lack standing to pursue their claims, that Defendant offers a location that is

accessible to disabled patrons, and that Plaintiffs have not been damaged as a result of the allegations contained in their Complaint, even if they are true.

    (3)    Statement of jurisdiction (including statutory citations):

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as Plaintiffs have alleged violations of the Americans with Disabilities Act.

    (4)    Statement of the material factual issues to be resolved:

        a.    Whether Plaintiffs are disabled pursuant to the Americans with Disabilities Act and/or Minnesota Humans Right Act, whether Plaintiffs have standing to pursue their Complaint, and whether Plaintiffs have been damaged based on the allegations contained in their Complaint (if true).

        b.    Whether Defendant's building located at 889 Grand Avenue, St. Paul, Minnesota, 55105 violates the Americans with Disabilities Act and the Minnesota Human Rights Act and whether Defendant has committed a bias offense.

**(b)    Pleadings.**

Statement as to whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action:

All process has been served and all pleadings have been filed by the parties to the action.

A jury trial is not available under the law.

**(c)    Fact Discovery.**

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

(1) The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before June 1, 2015.

(2) The parties must complete any physical or mental examinations under Fed. R. Civ. P. 35 by November 1, 2015.

(3) The parties must commence fact discovery procedures in time to be completed by November 1, 2015.

(4) The parties propose that the Court limit the use and numbers of discovery procedures as follows:

    (A)   30  interrogatories;

    (B)   50  document requests;

    (C)   5   factual depositions, exclusive of any deposition of any named plaintiff or class member.

    (D)   50  requests for admissions;

    (E)   Yes  Rule 35 medical examinations; and

    (F)   n/a  other.

**(d)   Expert Discovery.**

(1) The parties anticipate that they will require expert witnesses at the time of trial.

    (A) The plaintiffs anticipate calling  2  experts in the fields of: medicine & architecture.

    (B) The defendant anticipates calling   2   experts in the field of: liability/architecture/ADA compliance and medicine.

(2) The parties propose that the Court establish the following plan for expert discovery:

    (A) Initial experts.

        i. The identity of any expert who may testify at trial regarding issues on which the party has the burden of persuasion must be disclosed on or before November 1, 2015.

        ii.       The initial expert written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before <u>November 1, 2015</u>.

    (B)    Rebuttal experts.

        i.       The identity of any experts who may testify in rebuttal to any initial expert must be disclosed on or before <u>January 1, 2016</u>.

        ii.       Any rebuttal expert's written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before <u>January 1, 2016</u>.

(3)    All expert discovery must be completed by <u>February 1, 2016</u>.

**(e)    Other Discovery Issues.**

    (1)    Protective Order. The parties have discussed whether they believe that a protective order is necessary to govern discovery and will jointly submit a Protective Order.  The parties have agreed to use Form 6 to the Local Rules of the United States District Court for the District of Minnesota modified to include a paragraph relating to inadvertent disclosure of privileged materials and Federal Rule of Evidence 502(d).

    (2)    Discovery of Electronically Stored Information. The parties have discussed issues about disclosure or discovery of electronically stored information as required by Fed. R. Civ. P. 26(f), including the form or forms in which it should be produced and inform the Court of the following agreements or issues:

        The parties have discussed electronically stored information and have no issues to report to the Court at this time.

    (3)    Claims of Privilege or Protection. The parties have discussed issues about claims of privilege or of protection as trial-preparation materials as required by Fed. R. Civ. P. 26(f), including whether the parties agree to a procedure to assert these claims after production and request the Court to include the following agreement in the scheduling order:  <u>See</u> (e)(1) above.

    (4)    Electronic Service. The parties have agreed to service via electronic mail.

    (5)    The parties agree to supplement discovery responses, if applicable, every 45 days.

**(f)** **Proposed Motion Schedule.**

The parties propose the following deadlines for filing motions:

(1) Motions seeking to join other parties must be filed and served by <u>July 1, 2015</u>.

(2) Motions seeking to amend the pleadings must be filed and served by <u>July 1, 2015</u>.

(3) All other non-dispositive motions must be filed and served by <u>December 1, 2015</u>. Non-dispositive motions related to experts must be served by <u>March 1, 2016</u>.

(4) All dispositive motions must be filed and served by <u>May 1, 2016</u>.

**(g)** **Trial-Ready Date.**

(1) The parties agree that the case will be ready for trial on or after <u>September 1, 2016</u>.

(2) The parties estimate that trial will take approximately 2 days.

**(h)** **Settlement.**

(1) The parties propose that a settlement conference be scheduled to take place before <u>August 1, 2016</u>.

(2) The parties have discussed whether alternative dispute resolution will be helpful to the resolution of this case and recommend the following:

The parties agree that mediation will be helpful to the resolution of the case and recommend mediation with the Court.

**(i)** **Trial by Magistrate Judge.**

The parties have not agreed to consent to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c).

Dated:  May 11, 2015

**CLASS JUSTICE PLLC**

By: s/ Paul R. Hansmeier
Paul R. Hansmeier, #387795

100 South Fifth Street
Suite 1900
Minneapolis, MN 55402
Telephone:  (612) 326-9801
Email:  mail@classjustice.org

Attorney for Plaintiffs

**WINTHROP & WEINSTINE, P.A.**

By: s/ Joseph M. Windler
Joseph M. Windler, #387758

225 South Sixth Street
Suite 3500
Minneapolis, Minnesota 55402
Telephone:  (612) 604-6400
Email:  jwindler@winthrop.com

Attorney for Heartwood Enterprises, LLC

10356944v1