Exhibit A

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| DISABILITY SUPPORT ALLIANCE, on behalf of its members; and ERIC WONG, <br><br> *Plaintiffs,* <br><br> v. <br><br> HEARTWOOD ENTERPRISES, LLC, <br><br> *Defendant.* | Case No. 0:15-cv-00529 <br><br> **PLAINTIFFS' RESPONSE TO DEFENDANT'S INTERROGATORIES** |

**TO: DEFENDANT HEARTWOOD ENTERPRISES, LLC AND ITS ATTORNEY JOSEPH M. WINDLER, 225 SOUTH SIXTH STREET, SUITE 3500, MINNEAPOLIS, MINNESOTA 55402.**

## RESPONSE TO INTERROGATORIES

**INTERROGATORY NO 1:** Identify any witness who has knowledge regarding the facts alleged in Plaintiffs' Complaint, including the substance of each person's knowledge, how each person acquired that knowledge, and each person's last known address and phone number.

ANSWER:
Eric Wong; full knowledge of dispute; knowledge acquired through personal experience; contact may be made through counsel.

Angela Van Den Hemel; knowledge of the visit giving rise to this complaint and of the architectural barriers at the subject premises; knowledge acquired through personal experience; contact may be made through counsel.

**INTERROGATORY NO 2:** Identify all members of the Plaintiff Disability Support Alliance.

ANSWER:

| Melanie Davis | Zach Hillesheim |
|---|---|

| Scott Smith | Aaron Dalton |
|-------------|--------------|
| Eric Wong   |              |

Contact may be made through counsel.

**INTERROGATORY NO** 3: Describe in specificity and in all possible detail any visit by Wong or any member of the Disability Support Alliance on which Plaintiffs base their Complaint, including, but not limited to, the purpose for the visit to Heartwood, who drove Wong and/or any member of the Plaintiff Disability Support Alliance to Heartwood, which tenant of Heartwood Wong and/or any member of the Plaintiff Disability Support Alliance attempted to visit, and the date of any such attempted visit. As part of Your response, identify any and all supporting documents.

ANSWER:   On December 3, 2014, Eric Wong visited Heartwood Offices for the purpose of ascertaining whether he, as a person whose disability confines him to a wheelchair, would be able get inside and otherwise access the accommodations on a full and equal basis. Angela Van Den Hemel drove Mr. Wong to the Heartwood Offices in a car. Although Wong would like to be able to access the accommodations provided by the tenants of Heartwood Offices on a full and equal basis, his specific interest on that day was to evaluate the services of mental health professionals who are tenants of the Heartwood Offices building for the purpose of a Disability Support Alliance member services initiative.

**INTERROGATORY NO 4:** Describe in specificity and in all possible detail all communications, including, but not limited to, all telephone calls, emails, or letters, made by any Plaintiff to any tenant of the Heartwood location at issue or Heartwood from January 1, 2011 to the present. As part of Your response, identify any and all supporting documents.

ANSWER:   Defendant Heartwood Enterprises, LLC was given advance notice that its facilities contained accessibility barriers through a letter sent on December 5, 2014.

**INTERROGATORY NO** 5: Describe in specificity and in all possible detail what Plaintiffs' contend is required for the removal of each architectural barrier at the-Heartwood location at issue in Plaintiffs' Complaint, why Plaintiffs believe such removal is readily achievable, and the cost for the removal of each barrier. As part of your answer, please identify all supporting documents.

ANSWER:   Subject to Plaintiffs' site inspection, to the extent that doing so is readily achievable installation of a permanent entrance ramp. Cost estimate is $10,000. To the extent that installing a ramp is not readily achievable, making

services available at an alternative accessible location with corresponding signage to notify potential patrons of an available alternative location. Cost estimate is negligible; ramping of the step separating the public sidewalk from the private sidewalk leading to the building's main entrance; cost estimate is $500.

**INTERROGATORY NO 6:** Describe in specificity and in all possible detail the signage Plaintiffs contend is required to be displayed at the Heartwood building in question, as well as the source of any requirement that such signage be displayed.

To the extent that only one entrance is brought into ADAAG conformity, signage complying with ADAAG 216. To the extent that no entrances are brought into ADAAG conformity, signage complying with ADAAG 216.

**INTERROGATORY NO 7:** Describe in specificity and in all possible detail all communications any Plaintiff has had with anyone regarding any of the allegations in Plaintiffs' Complaint, other than Plaintiffs' attorney, including, but not limited to, the name of each person involved in each communication and the substance and date of each communication. As part of Your answer, please identify all supporting documents.

No communications other than communications with Plaintiffs' attorney.

**INTERROGATORY NO 8:** Describe in specificity and in all possible detail the "biased offense" conduct that constitutes a crime as alleged in Plaintiffs' Complaint.

ANSWER: The "bias offense" conduct that constitutes a crime is Defendant's alleged violation of Minn. Stat. § 363A.11, i.e., the public accommodation provision of the Minnesota Human Rights Act. Pursuant to Minn. Stat. § 363A.30 subd. 4, a violation of the public accommodation provision of the Minnesota Human Rights Act is a *per se* misdemeanor, which under the circumstances present here, constitutes the criminal act giving rise to civil liability under the bias offense provisions identified in Plaintiffs' complaint.

**INTERROGATORY NO 9:** Identify each of Plaintiffs' damages and specify how Plaintiffs arrived at each damage figure. As part of Your answer, please identify all supporting documents.

ANSWER: Plaintiffs' damage estimates are subject to ongoing discovery, including the presence of additional unknown architectural barriers on the interior of Heartwood Office's premises and information about Defendants' historic ADA compliance. Plaintiffs estimate their compensatory damages to be $25,000, and their punitive damages to be $75,000.

**INTERROGATORY NO 10:** Please identify Plaintiff Eric Wong's health insurance provider and plan information.

Eric Wong is insured under Minnesota's Medical Assistance program and Medicare.

**INTERROGATORY NO 11:** Do You allege that Heartwood discriminated against You because of Your disability? If so, please describe with specificity and in all possible detail all facts that support this contention.

Yes. Eric Wong is a person with a disability who has been diagnosed with Ehlers-Danlos syndrome, a permanent genetic condition that substantially limits his ability to walk. Defendant is a public accommodation, as the term is defined under both the Americans With Disabilities Act and the Minnesota Human Rights Act, as Defendant is the owner of the real property from which public accommodations operate, including mental health services providers. Discrimination occurred because Defendant's premises is associated with architectural barriers, namely no ADAAG-compliant entrances and no ADAAG-compliant path of travel from the public sidewalk to the public entrances, and removal of those barriers is readily achievable. In the alternative, if barrier removal is not readily achievable, Defendant nevertheless engaged in discrimination because it failed to implement alternative measures, such as maintaining an offsite accessible location and properly publicizing that option via ADAAG-compliant signage.

Dated: July 20, 2015

Paul R. Hansmeier (MN Bar # 387795)
CLASS JUSTICE PLLC
100 South Fifth Street, Suite 1900
Minneapolis, MN 55402
E-mail: mail@classjustice.org
Phone: (612) 326-9801
Attorney for Plaintiff



Eric Wong
In his individual capacity and in his
official capacity on behalf of the
Disability Support Alliance

Subscribed and sworn to before me on this

____24th____ day of July, 2015

Signature:_____
(Notary Public/Deputy Court Administrator

ANGELA KAY VAN DEN HEMEL
Notary Public
Minnesota
My Comm. Expires
Jan 31, 2019