UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DISABILITY SUPPORT ALLIANCE, on behalf of its members; and ERIC WONG,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>HEARTWOOD ENTERPRISES, LLC,<br><br>　　　　　　　　　Defendant. | Civil No. 15-cv-529 PAM/FLN<br><br>**DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** |

Heartwood[1] respectfully submits this Reply Memorandum of Law in Support of Its Motion for Summary Judgment.

## ARGUMENT

**I.   Plaintiffs Lack Standing.**

The ADA "orders businesses 'to ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals *because of* the absence of auxiliary aids or services." (Plaintiffs' Memorandum in Opposition to Defendant's Motion for Summary Judgment ("Plaintiffs' Opposition") at 9; *see also Rickmyer v. Jungers*, 2015 WL 412859, *5 (D. Minn. Jan. 30, 2015) (dismissing ADA claim where plaintiff failed to link defendants' conduct with plaintiff's disability).

---

[1] All capitalized, undefined terms used herein shall have the definition provided in Heartwood's Opening Brief.

"The Act does not require a facility to afford a disabled guest a greater opportunity to [access a business] than his able-bodied counterpart." *Access Now, Inc. v. S. Fla. Stadium Corp.*, 161 F. Supp. 2d 1357, 1367 (S.D. Fla. 2001); *see also PGA Tour, Inc. v. Martin*, 532 U.S. 661, 679-680 (2001) (recognizing that because professional golfer paid required entrance fee, completed Q-School and otherwise qualified for PGA Tour events, he was entitled to Title III protections); *Metropolitan St. Louis Equal Housing Opportunity Council v. Lighthouse Lodge, LLC*, 2009 WL 1576735 (W.D. Mo. June 4, 2009). As such, the ADA renders it illegal for a place of public accommodation to exclude or deny services to a disabled individual **because of** the individual's disability. If a disabled individual is denied access for some other reason, there is no ADA violation.

*Access Now* is instructive on this point. In *Access Now*, a not-for-profit corporation, and its disabled, wheelchair-bound president, Resnick, brought suit against the owner of Proplayer Stadium and its primary tenants, the Florida Marlins and Miami Dolphins, alleging that they violated the ADA by not providing wheelchair seating. *Id.* at 1360. One of the alleged episodes in which Resnick was denied access was a game that was sold out. *Id.* at 1366-67. In holding that Plaintiffs could not base a claim on Resnick's inability to attend a sold-out game, the Court stated:

> Inherent in Plaintiffs' argument, that the unavailability of accessible seats for a sold-out game constitutes discrimination, is a presumption that disabled patrons are entitled to a benefit which exceeds that available to the general public. The Act does not require a facility to afford a disabled guest a greater opportunity to purchase seats than his able-bodied counterpart. Plaintiff's case depends on his ability to show that he was denied access under circumstances which give rise to the inference that denial was based solely on his disability, *see Mayberry v. Von Valtier*, 843 F.Supp. 1160, 1166 (E.D. Mich. 1994); his failure to demonstrate that

>Defendants refused to provide him access *because of his disability* **is fatal to his claim of discrimination** with regard to this incident.

*Id.* at 1367 (italics in original, bold emphasis added).

Plaintiffs' attempt to distinguish *Access Now* by stating that "Plaintiffs are not asking for a benefit that exceeds that available to the general public" falls flat. Plaintiffs are undisputedly asking for a benefit that exceeds that available to the general public—namely, to be allowed access to Heartwood Offices without an appointment. Therefore, *Access Now*'s reasoning applies and summary judgment is appropriate.

Here, Wong was denied access to Heartwood Offices because he did not make an appointment with any of its tenants, all of which are "appointment-only." (Bluhm Decl. ¶¶ 12-13 (Docket No. 20))  To be clear, even if Heartwood Offices was completely wheelchair accessible, Wong would not have been able to access Heartwood Offices. Wong was treated the same as every able-bodied individual without an appointment—he was not allowed in.  As it is undisputed that Wong did not make the requisite appointment and, therefore, was not denied services "because of" an architectural barrier and his disability, summary judgment is appropriate. *See Resnick v. Magical Cruise Co., Ltd.*, 148 F. Supp. 2d 1298, 1301 (M.D. Fla. 2001) ("It is undisputed that Resnick has not been on board or attempted to board either the *Disney Magic* or the *Disney Wonder*. Hence, Plaintiffs have not been subjected to discrimination.")

Plaintiffs' argument that "Heartwood's position would impermissibly shift the burden on persons with disabilities to contact public accommodations prior to their visit 'to ensure that [they] could gain access'" is wrong.  Heartwood is not submitting that

individuals with disabilities must contact public accommodations in order to inquire about accessibility. However, all individuals with disabilities who want to receive access to goods or services that require a prerequisite—whether it is a stadium that requires tickets or a business that requires reservations or appointments—must satisfy the prerequisite—just as every member of the general public. *Parr v. L & L Drive-Inn Restaurant*, 96 F. Supp. 2d 1065, 1079 (D. Haw. 2000) (recognizing that certain places of public accommodation, such as professional offices like Heartwood, may require certain prerequisites such as "the need for a reservation").

Plaintiffs' lack of concrete plans to return to Heartwood, whether as a bona fide patron or a tester, also renders Plaintiffs without standing. Wong failed to establish that he has definite plans to return to Heartwood Offices and failed to establish that he has taken the necessary steps to gain future access, *i.e.* scheduled an appointment with one of Heartwood's tenants. (Windler Decl. Ex. A at Interrog. Answer Nos. 3-4; Windler Decl. Ex. B at 57:25-58:12 (Docket No. 19)) Therefore, Plaintiffs lack standing as a matter of law. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992) ("[S]ome day intentions – without any description of concrete plans, or indeed even any specification of when the someday will be – do not support a finding of the 'actual or imminent' injury that our cases require.")

Lastly, the one tenant that Wong was interested in accessing, Dr. Raich, is no longer a tenant of Heartwood Offices.[2] As a result, there is no risk of Wong being unable to visit Dr. Raich at Heartwood Offices in the future. Indeed, Wong has failed to identify any current tenant of Heartwood Offices that he made an appointment to visit. Again, Plaintiffs' claims fail both because they are moot and because they lack standing to bring such claims.[3]

## II. It Is Undisputed That Removal Of Heartwood Offices' Alleged Architectural Barriers Is Not Readily Achievable.

In opposing Heartwood's Motion, Plaintiffs rely on the Declaration of Peter Hansmeier. (*See* Docket No. 29). However, Peter Hansmeier's Declaration should not be considered because he was never disclosed as a witness. Further, Peter Hansmeier's Declaration contains inadmissible hearsay and, thus, cannot be used to defeat summary judgment.

---

[2] Plaintiffs misrepresent to the Court that Heartwood terminated Dr. Raich's lease. Dr. Raich's lease at Heartwood Offices expired on its own terms. (Supplemental Declaration of William Bluhm ("Bluhm Supp. Decl.") ¶ 4).

[3] Plaintiffs cite *Sawczyn v. BMO Harris Bank Nat'l Ass'n*, 8 F.Supp.3d 1108, 1111 (D. Minn. 2014) for the proposition that an ADA plaintiff need not attempt to return to the defendant's location in order to have standing. However, *Sawczyn* only dealt with a Rule 12(b) motion to dismiss, which is undisputedly a lower standard for a plaintiff to meet than that of a Rule 56 motion for summary judgment, which can only be defeated with admissible evidence and not general allegations. Further, in *Sawczyn*, a case related to a non-compliant ATM machine, the Court held that "[g]iven the spontaneous nature of ATM visits," the plaintiff did not need to *allege* when specifically he would return to defendant's ATM. Simply put, there is nothing "spontaneous" about visiting any of Heartwood Office's appointment-only tenants. Rather, a visit to Heartwood Offices requires the sort of "scheduling, coordination, and preparation – in other words, it requires concrete and advanced plans" that the *Sawczyn* Court recognized were present in *Lujan* and required to defeat a dispositive motion.

5

**A. Peter Hansmeier's Declaration Should Not Be Considered.**

Rule 26(a)(1) of the Federal Rules of Civil Procedure requires each party "to provide to the other parties the name of [. . .] each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to supports its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). If a party violates Rule 26(a) and fails to disclose such an individual, the party is not allowed to use the individual "to supply evidence on a motion, at a hearing, or a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Further, the Court's Pretrial Scheduling Order stated that: "Any evidence responsive to a discovery request that has not been disclosed before the trial date, except for good cause shown, shall be excluded from evidence at trial." (Docket No. 12).

The Court's Pretrial Scheduling Order is consistent with black-letter Eighth Circuit law, which has held that the Court "may exclude from evidence at trial [or the summary judgment stage] any matter which was not properly disclosed in compliance with the court's pretrial orders, and such a ruling will be reserved on appeal only for abuse of discretion." *Brooks v. Union Pac. Railroad Co.*, 620 F.3d 896, 899 (8th Cir. 2010) (internal quotations omitted); *see also Anderson v. Astrazeneca, L.P.*, 477 Fed. Appx. 427, 428 (8th Cir. 2012) (affirming the district court's striking of affidavits of four witnesses submitted by plaintiff in opposition to summary judgment motion because plaintiff "failed to disclose each witness in his Rule 26(a) disclosures or during the close of discovery"); *Fu v. Owens*, Civil No. 08-620 (PAM/JSM), 2009 WL 1178541, *4 (D.

Minn. May 1, 2009) (holding that plaintiffs may not rely on affidavit testimony to defeat summary judgment where plaintiffs did not disclose affiant during discovery).

Peter Hansmeier was not disclosed in Plaintiffs' initial disclosures, in response to Heartwood's Interrogatory No. 1, which requested the identification of any witness who has knowledge regarding the facts alleged in Plaintiffs' Complaint, was not identified as an expert, and did not issue an expert report. (Supplemental Windler Declaration ("Windler Suppl. Decl."), Ex. 1, ¶ 3). As a result, Peter Hansmeier's Declaration cannot be used to defeat Heartwood's Motion.

Once Peter Hansmeier's Declaration is excluded, Plaintiffs are without any "evidence" of the barrier removals that Plaintiffs suggest are required at Heartwood Offices. Rather, Plaintiffs are left with the argument of counsel and general, speculative conceptual suggestions for barrier removal that have been expressly held to be insufficient in meeting a plaintiff's burden of proof that barrier removal is "readily achievable." *See Moore v. Robinson Oil Corp.*, 588 Fed. Appx. 528, 530 (9th Cir. 2014); *Colorado Cross Disability v. Hermanson Family, L.P. I*, 264 F.3d 999, 1009 (10th Cir. 2001). Not only is such argument insufficient because it is not detailed enough to meet plaintiffs' burden of proof, but it cannot be used to defeat summary judgment, as it is axiomatic that summary judgment can only be defeated with the presentation of admissible evidence—not general allegations or argument of counsel. *See* Fed. R. Civ. P. 56(c); *Wittenburg v. Am. Exp. Financial Advisors, Inc.*, 464 F.3d 831, 838 (8th Cir. 2006) ("[A]rguments of counsel are not evidence.") As Plaintiffs are without admissible

7

evidence related to barrier removal, Heartwood's evidence that such removal is not readily achievable is undisputed and summary judgment is appropriate.

### B. If Considered, The Declaration Of Peter Hansmeier Does Not Contain Admissible Evidence.

The only "evidence" Plaintiffs submitted and which relates to the feasibility of barrier removal are various website printouts from third-party contractors that are attached to Peter Hansmeier's Declaration as Exhibit C. (*See* Plaintiffs' Opposition at 7, 29-35). Plaintiffs purportedly offer this evidence for the purpose of proving that barrier removal at the Heartwood Offices is both cost-effective and easily accomplished. *See id.* However, these website printouts constitute inadmissible hearsay offered for the truth of the matter asserted and, thus, cannot defeat summary judgment.[4] Fed. R. Civ. P. 56(c); Fed. R. Evid. 801(c), 802; *see also Federal Trade Comm'n v. Medical Billers Network, Inc.*, 543 F. Supp. 2d 283, 302 (S.D.N.Y. 2008) (holding that printout of website illustrating salary data for medical billers was inadmissible hearsay to show that medical billers in fact earned those salaries); *Jackson v. Hartford Life & Accident Ins. Co.*, 2013 WL 1249568, *5 (N.D. Fla. Feb. 12, 2013) ("The Mayo Clinic website printout constitutes hearsay, and is inadmissible in support of the motion for summary judgment."); *In re Katz Interactive Call Processing Patent Litig.*, 2009 WL 8636003, *2 (C.D. Cal. May 1, 2009) (rejecting website printouts submitted in opposition to summary

---

[4] The exhibits to Paul Hansmeier's Declaration similarly contain inadmissible hearsay and cannot defeat Heartwood's Motion.

judgment and finding that "the third party website evidence is inadmissible" hearsay).[5] As a result, Exhibit C to the Peter Hansmeier Declaration cannot be used to defeat Heartwood's Motion.

### C. Plaintiffs Failed To Present Admissible Evidence Of Readily Achievable Barrier Removal That Provides Wong Access To Heartwood Offices' Tenants.

Plaintiffs bear the initial burden of showing that barrier removal is readily achievable. "The term 'readily achievable' means easily accomplished and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9). The ADA includes a number of individualized factors that must be considered in determining whether a specific accommodation is "readily achievable." *See id.* In order to meet their burden, Plaintiffs "must present evidence of: (1) a specific design to remove the barriers alleged; (2) the cost of removal or the proposed remedy; and (3) the effect on the finances and operation of the facility." *Gathright-Dietrich v. Atlanta Landmarks, Inc.*, 435 F. Supp. 2d 1217, 1227 (N. D. Ga. 2005), affirmed 452 F.3d 1269 (11th Cir. 2006)

---

[5] Further, Plaintiffs' references to these exhibits are unsupported, inadmissible arguments of counsel. For example, Plaintiffs state that "Heartwood can hire a 'mud-jacking' specialist to level out the concrete slabs comprising the sidewalk. A typical bid for this sort of work is $60/slab, with a minimum of $240. Plaintiffs estimate that Heartwood could complete the work for $420." (Plaintiffs' Opposition at 35). Setting aside the fact that the "support" for this statement is an "Angie's List" article and a quote contained therein that is attributable to Ron Bowen, owner of A-1 Concrete Leveling & Foundation Repair **in Zionsville, Indiana**, there is not any evidentiary support for Plaintiffs' estimation of the total cost, nor the threshold issue of whether mud-jacking is appropriate or even possible. Similarly, Exhibit C to Peter Hansmeier's Declaration contains estimates for concrete work that are attributable to The Able Group, a contractor that advertises its services "all around Philly, Main Line, Suburbs, New Jersey & Delaware" and that it only entertains "local inquiries." *See* http://www.ablegroup.net/contact-us.htm. Plaintiffs have not established that these companies would perform the relevant work for the amount generically listed on their websites.

Only if a plaintiff meets its burden does the defendant then bear the burden of persuasion that barrier removal is not readily achievable. *Colorado Cross Disability,* 264 F.3d at 1002-03. As Plaintiffs have failed to meet their initial burden of establishing that a specific accommodation is "readily achievable," and, even if they did, Heartwood has rebutted Plaintiffs' suggestion, summary judgment is appropriate.

As stated above, Plaintiffs' only "evidence" related to the removal of the architectural barriers present at Heartwood Offices is contained in Peter Hansmeier's Declaration and should not be considered. Even if it is considered, Plaintiffs have still failed to meet their burden. Plaintiffs have failed to provide admissible evidence of (1) a specific design to remove the alleged barriers; (2) the cost of the proposed removal; and, (3) the effect on the finances and operation of Heartwood.

Plaintiffs allege that Heartwood Offices' front entrance is inaccessible due to the existence of steps. Plaintiffs generally propose removing the architectural barriers at Heartwood Offices by suggesting that Heartwood install a permanent entrance ramp so that Heartwood Offices is accessible from the city sidewalk in front of the building. (Windler Decl., Ex. A, Answer to Interrogatory No. 5). Plaintiffs have failed to provide admissible evidence that provides a specific, ADA-compliant design of such a ramp that provides wheelchair access from the public sidewalk in front of Heartwood Offices.

First, Plaintiffs' argument that "[f]ederal law suggests that installing a ramp is a presumptively readily achievable modification" is false. (Plaintiffs' Opposition at 29).

28 C.F.R. § 36.304(b)(1) simply lists a ramp as an "example of a step to remove barriers."[6]

Second, Wong, the signatory of Plaintiffs' Interrogatory Answers, admitted that he does not know the cost of a compliant ramp or the source of the $10,000 estimate contained in Plaintiffs' Answer to Interrogatory No. 5. (Windler Suppl. Decl. Ex. 2 at 64:5-65:13)

Third, Plaintiffs' reference to the bids Heartwood received from Beyond Barriers Minneapolis, LLC constitutes inadmissible hearsay, as it is an out-of-court statement being offered for the truth of the matter asserted (that the work contained in the estimate would cost $11,987). *See* Fed. R. Evid. 801(c), 802; *United States v. Bailey*, 571 F.3d 791, 802 (8th Cir. 2009) (inadmissible hearsay evidence does not create genuine issue of material fact).

Fourth, Plaintiffs' attacks on Ms. Quarve-Peterson's Declaration cannot be used to defeat summary judgment, as they constitute nothing more than the argument of counsel. As Plaintiffs did not conduct any fact or expert discovery in this matter or retain their own expert, they are without any admissible evidence to challenge Ms. Quarve-Peterson's qualified, undisputed opinion.

---

[6] Moreover, the use of a portable ramp does not address Plaintiffs' concerns, as the portable ramp would only be set-up if an appointment was made by a customer that needed such a ramp. Additionally, Plaintiffs failed to meet their burden of proof that the installation of a portable ramp would actually remove the architectural barriers at the Heartwood Offices. Not only does a portable ramp not address any foyer or interior issues, but the one-page printout from "discountramps.com" does not illustrate a compliant ramp. Specifically, Exhibit C to Peter Hansmeier's Declaration illustrated a ramp that is "[r]ecommended for a 2" to 10" rise." As stated in paragraph 6 of the Quarve-Peterson Declaration, which is undisputed, a 44" rise is necessary.

Fifth, to the extent that Beyond Barriers' estimate is considered, it does not raise a genuine issue of material fact that Plaintiffs' requested accessible ramp from the sidewalk in front of Heartwood Offices is not readily achievable, as the Beyond Barriers estimate is for a ramp that would extend along the side of Heartwood Offices' property to the back alley entrance—not to the front sidewalk. (*See* Bluhm Decl., Ex. D ("NOTE:  This ramp does not meet required setback (side yard). Most likely a variance will be required.")) As a result, Plaintiffs have failed to meet their burden establishing that the installation of an accessible ramp from the front sidewalk of Heartwood Offices is readily achievable.  (*See* Quarve-Peterson Decl., ¶¶ 5-6 (discussing how the estimates received by Heartwood relate to "an exterior accessible route from the back" and concluding that an accessible route from the front as requested by Plaintiffs would cost in excess of $100,000) (Docket No. 21)).

Sixth, Plaintiffs have not provided any evidence of how the removal of the alleged barrier in the form of Heartwood Office's foyer and narrow internal doorways is readily achievable.  Heartwood provided undisputed evidence that "[e]ven if Heartwood constructed a walkway outside the building as Mr. Wong proposes, the tenant spaces (good/services) at Heartwood Offices would still be inaccessible.  The entry vestibule is much too small to allow wheelchair access." (Quarve-Peterson Decl., ¶ 7).  In addition, the internal doorways are too narrow to allow wheelchair access. (*Id.*)  Finally, it is undisputed that an elevator would have to be installed to allow access to the tenants that occupy the second floor and basement (which is currently vacant) of Heartwood Offices.

Plaintiffs failed to address these issues, much less offer admissible evidence that removal of these architectural barriers is readily achievable.[7]

Seventh, Plaintiffs fail to offer any admissible evidence of the costs of labor of their barrier removal proposals. Nor do they offer any admissible evidence of the financial effect such installation will have on Heartwood or its tenants. Without such evidence, Plaintiffs have not met their burden in establishing that removal of such barriers is readily achievable. *Gathright-Dietrich*, 435 F.Supp.2d at 1227; *Colorado Cross Disability*, 264 F.3d at 1009.

Finally, Plaintiffs' counsel's argument related to alleged deficiencies at the alternative location cannot defeat summary judgment and is simply wrong. Namely, on pages 35-37 of Plaintiffs' Opposition, Plaintiffs complain that the sign located at Heartwood Offices and which relates to the alternative location is too low, that Heartwood's website does not provide sufficient detail of the alternative location, and that the alternative location does not contain any "van accessible parking spaces and the signage is too low." Plaintiffs not only do not provide any evidentiary support for these accusations, but also do not provide any legal support that would establish such requirements. As such, Plaintiffs' accusations cannot defeat summary judgment.[8]

---

[7] Wong's position appears to be that all he is requesting is an exterior ramp that allows him to get to the front porch of Heartwood Offices. Such a result would not allow Wong to access the services provided within Heartwood Offices and, therefore, would not comply with the ADA. On the other hand, scheduling an appointment at Heartwood's alternative location with one of Heartwood Offices tenants would allow Wong to receive the allegedly desired (yet unidentified) services.

[8] Heartwood respectfully submits that this failure is a result of the non-existence of such evidence and legal authority. By way of example, § 216.5 of Chapter 2: Scoping

### III. Heartwood Has Always Provided An Alternative Location; As Such, There Has Never Been An ADA Or MHRA Violation.

The ADA expressly allows for the use of an alternative location where "barrier removal is not readily achievable." 28 C.F.R. § 36.305(a), (b)(3). As it is undisputed that barrier removal at the Heartwood Offices is not readily achievable, Heartwood has <u>always</u>—including prior to this lawsuit—offered an alternative location a mere three blocks away from Heartwood Offices. (Bluhm Decl. ¶ 24) As a result, there has not been a violation of the ADA. If Wong ever had made the prerequisite appointment with any of Heartwood Offices' tenants, he would have received the services he allegedly was interested in receiving at the alternative location.

### IV. Plaintiffs' MHRA Claim Fails Because Plaintiffs Have Not Established That The Heartwood Offices Are A Place of Public Accommodation Or That Wong Was Discriminated Against "Because Of" His Disability.

Plaintiffs' claim for damages under the MHRA fails because Plaintiffs cannot establish either element necessary to support a cause of action under Minn. Stat. § 611A.79, subd. 1. As discussed in Heartwood's opening brief, Plaintiffs must show, by a preponderance of the evidence, that (1) Defendant committed a crime; and (2) the crime was committed because of Plaintiffs' disability. (Def.'s Br. at 25 (Docket No. 18)) Moreover, as a threshold matter, Plaintiffs cannot establish that the MHRA applies in the

---

Requirements of the ADA (available at: https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/ada-standards/chapter-2-scoping-requirements) expressly states: "Where a total of four or fewer parking spaces, including accessible parking spaces, are provided on a site, identification of accessible parking spaces shall not be required." As Heartwood's alternative location only has four parking spaces, it does not need the signage Plaintiffs suggest. (Bluhm Supp. Decl. ¶3).

14

first instance, because they cannot establish that Heartwood Offices is a "place of public accommodation" under the MHRA.

First, Plaintiffs cannot show that Heartwood committed a crime. Plaintiffs contend that Heartwood's crime was allegedly failing to remove architectural barriers where such removal is readily achievable. (Plaintiffs' Opposition at 40) For all of the reasons previously discussed, it is undisputed that removal of architectural barriers at Heartwood Offices is not readily achievable. (*See supra* at 5-13; Def.'s Br. at 18-22)

Second, Plaintiffs cannot show that Heartwood committed any crime *because of* Wong's disability. According to Plaintiffs, the "because of" language in § 611A.79 does not require any more than just demonstrating a violation of the ADA, and by extension, the MHRA. (*See* Plaintiffs' Opposition at 39-42) But Plaintiffs' interpretation would eliminate the second element of the claim entirely. Section 611A.79 requires *both* that a "crime" be committed—*i.e.*, a discriminatory act under the MHRA—and also that the crime occurred "*because of*" the plaintiff's disability. Minn. Stat. § 611A.79, subd. 1. This second element requires more than just a discriminatory act—it requires evidence that the crime was motivated by discriminatory animus. *See LaCross v. City of Duluth*, 2011 WL 12896026, at *4 (D. Minn. July 18, 2011) (discussing requirement under Minn. Stat. § 611A.79 that crime be motivated by discriminatory intent). Indeed, to enforce Minn. Stat. § 611A.79 as Plaintiffs suggest would effectively read the "perceived" out of the statute. Minn. Stat. § 611A.79 ("For purposes of this section, 'bias offense' means conduct that would constitute a crime and was committed because of the victim's or

another's actual or perceived . . . disability . . .") Because Plaintiffs are without evidence of discriminatory intent, their claim fails.

Moreover, Plaintiffs' claim fails because the MHRA's anti-discrimination requirements are not applicable to Heartwood Offices. The MHRA defines a "place of public accommodation" as "a business, accommodation, refreshment, entertainment, recreation, or transportation facility of any kind, whether licensed or not, whose goods, services, facilities, privileges, advantages or accommodations are extended, offered, sold, or otherwise made available to the public." Minn. Stat. § 363A.03, subd. 34. This differs from the ADA's definition of "public accommodation," which includes a "professional office of a health care provider." 42 U.S.C. § 12181(7)(F).

Under the MHRA, "[w]hether an entity is public or private hinges on two criteria: (1) the selectiveness of the group in the admission of members; and (2) the existence of limits on the size of the membership." *Wayne v. MasterShield, Inc.*, 597 N.W.2d 917, 921 (Minn. Ct. App. 1999) (citation omitted). Here, Heartwood Offices is selective in its admission of members, *i.e.* tenants, as well as their customers, and it limits the number of tenants and tenants' customers by renting office space only to appointment-only businesses, and by preventing unfettered public access through keeping its doors locked with a controlled entry so that the few persons admitted are only those with appointments who are "buzzed" in by a tenant. Heartwood Offices is therefore not a place of public accommodation under the MHRA. *See Wayne*, 597 N.W.2d at 921 (determining apartment complex not a place of public accommodation under MHRA because it "does not permit unfettered public access and only invites acquaintances of tenants who are

16

contemporaneously on the premises," it was selective in renting to tenants and the number of people allowed access to the complex was limited by the number of apartment units and the requirement that visitors be accompanied by tenants). Plaintiffs have not offered any evidence that suggests that the Heartwood Offices are a place of public accommodation under the MHRA. As a result, Heartwood's evidence is undisputed and summary judgment is appropriate.

### V.  Summary Judgment In Favor Of Plaintiffs Is Inappropriate.

As explained above, it is clear that Heartwood has a meritorious defense to Plaintiffs' claims. As a result, Plaintiffs' request for summary judgment fails.

### CONCLUSION

Based on the foregoing, this Court should grant Defendant's Motion for Summary Judgment. Pursuant to 42 U.S.C. § 12205, 28 C.F.R § 36.505, and the Court's inherent authority, Heartwood respectfully requests an award of its attorneys' fees and costs against Plaintiffs and their counsel.

Dated: January 5, 2016                                  WINTHROP & WEINSTINE, P.A.


                                                        By: s/ Joseph Windler
                                                            Joseph Windler, #387758

                                                        225 South Sixth Street
                                                        Suite 3500
                                                        Minneapolis, Minnesota 55402
                                                        Telephone: (612) 604-6400
                                                        Email: jwindler@winthrop.com

                                                        ***Attorney for Defendant***

11329278v3