UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DISABILITY SUPPORT ALLIANCE, on behalf of its members, and ERIC WONG, <br><br> Plaintiffs, <br> vs. <br><br> HEARTWOOD ENTERPRISES, LLC, <br><br> Defendant. | No.: 15-cv-529 PAM/FLN <br><br> **DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE THE DECLARATION OF PETER HANSMEIER** |

**INTRODUCTION**

In order to avoid summary judgment on their Americans with Disabilities Act claims, Plaintiffs Disability Support Alliance and Eric Wong (collectively, "Plaintiffs") were required to present admissible evidence supporting the feasibility of their proposed architectural modifications. Plaintiffs failed to disclose any evidence supporting such feasibility during discovery. For this and other reasons, Defendant Heartwood Enterprises, LLC ("Heartwood") recently moved the Court for summary judgment.

Belatedly recognizing that they made no effort whatsoever to meet their evidentiary burdens, Plaintiffs now seek to oppose summary judgment through presentation of surprise evidence in the form of a surprise declaration from a surprise witness—their attorney's brother, Peter Hansmeier.[1] Plaintiffs never disclosed

---

[1] Plaintiffs' counsel, Paul Hansmeier, also submitted his own declaration in opposition to Heartwood's Motion for Summary Judgment. Unless specifically noted otherwise, all references to "Hansmeier's Declaration" or "the Declaration" refer to the Declaration of Peter Hansmeier, ECF 29.

Hansmeier, or the feasibility "evidence" contained in his Declaration—certain pictures and screenshots from the websites of various out-of-state contractors, big box retailers, and Angie's List. Consequently, Heartwood never saw this evidence, which it specifically requested from Plaintiffs, until Plaintiffs filed their opposition to Heartwood's Motion for Summary Judgment. The Federal Rules of Civil Procedure, Eighth Circuit precedent, and this Court's Scheduling Order are all crystal clear—Plaintiffs cannot rely on undisclosed witnesses or evidence to oppose summary judgment. Discovery is now closed, and Plaintiffs have denied Heartwood the opportunity to depose Hansmeier or subject his proffered evidence to the crucible of the discovery process.

Plaintiffs should not be permitted to avoid having their questionable evidence tested in discovery by simply withholding it until summary judgment. Plaintiffs have made no effort, as required under Rule 37, to demonstrate that their untimely disclosures are substantially justified or harmless. Moreover, even assuming Hansmeier's Declaration is authentic—a legitimate concern, given certain clearly incorrect statements in the Declaration and Plaintiffs' counsel's recent sanctions for, *inter alia*, repeatedly making false statements to other federal courts—this documentary evidence should still be excluded as inadmissible hearsay. Nor should Hansmeier be permitted to offer expert opinions on the feasibility of Plaintiffs' demanded improvements without disclosing this evidence or, for that matter, any expert witnesses.

It is difficult to imagine a more appropriate case for the exclusion of evidence opposing a summary judgment motion. The mere fact that Plaintiffs failed to produce their evidence or identify Hansmeier until summary judgment is already the paradigmatic

case for exclusion. The fact that Plaintiffs' undisclosed witness offers undisclosed hearsay evidence makes exclusion particularly appropriate in this case. Accordingly, the Court should grant Heartwood's Motion To Strike Hansmeier's Declaration from the record ("Motion").

## FACTS

The relevant factual background is largely set forth in Heartwood's Memorandum in Support of Its Motion for Summary Judgment ("Heartwood Br.") Heartwood recites only those facts necessary to support the instant Motion.

On June 2, 2015, Plaintiffs submitted their Rule 26(a)(1) disclosures to Heartwood. (ECF 34 at ¶ 2 & Ex. 1) Plaintiffs did not disclose Hansmeier as a witness. (*Id.* at 1)

On June 10, 2015, Heartwood posed interrogatories and document requests designed to determine what architectural modifications Plaintiffs sought at Heartwood's property, as well as the cost and feasibility of Plaintiffs' proposed modifications:

- INTERROGATORY NO 5: Describe…what Plaintiffs contend is required for the removal of each architectural barrier at the Heartwood location at issue in Plaintiffs' Complaint, why Plaintiffs believe such removal is readily achievable, and the cost for the removal of each barrier. As part of your answer, please identify all supporting documents.

- REQUEST NO 5: All documents that relate…to Your proposed…removal of architectural barriers of the Heartwood building at issue.

(Declaration of Joseph M. Windler ("Windler Decl."), Exs. 1, 2; *see also id.*, Ex. 1, at Interrogatory No. 1 (requesting identification of all witnesses with knowledge regarding

3

Plaintiffs' claims); *id.*, Ex. 2, at Document Request No. 1 (requesting all documents relevant to Plaintiffs' Complaint or interrogatory responses))

On July 20, 2015, Plaintiffs responded to Heartwood's discovery requests. (ECF 19, at ¶2; & Ex. A; Windler Decl. Ex. 3) Plaintiffs asserted that their requested architectural modifications would cost approximately $10,000, but failed to disclose Hansmeier as a witness, and failed to produce any of the documents pertaining to the requested architectural modifications that Hansmeier now submits with his Declaration as Exhibit C. (ECF 19, at ¶2; & Ex. A, at Interrogatory Response No. 5)  Plaintiff Eric Wong, who signed Plaintiffs' interrogatory responses, testified that he does not know the source of Plaintiffs' $10,000 estimate, or the costs of certain proposed architectural modifications, such as a wheelchair ramp. (ECF 34, at ¶ 4 & Ex. 2, at 64:5-65:13)

Plaintiffs never supplemented their interrogatory responses, production, or initial disclosures. (Windler Decl. at ¶ 7)  Plaintiffs also failed to make any expert disclosures by the Court's September 1, 2015 deadline. (ECF 12, at 2; Windler Decl., ¶ 8)

On December 29, 2015, after Heartwood moved for summary judgment, Plaintiffs submitted Hansmeier's Declaration.  (ECF 29)  Hansmeier now offers a dozen screenshots from various websites, asserting they "contain[] estimates for barrier removal" at the Heartwood Offices, but offers no foundation for these statements. (ECF 29, at ¶ 4 & Ex. C)  None of these generic website printouts purport to estimate the cost of Plaintiffs' demanded modifications to the Heartwood Offices and Hansmeier does not explain how he located such printouts, that the printouts actually reflect work that can be performed at Heartwood's property for the price indicated on the printouts, or that the

4

contractors identified in the printouts would perform the work in question for the amount estimated in the printouts.

In Heartwood's Reply Memorandum of Law in Support of its Motion for Summary Judgment, it argued that the Court should exclude Peter Hansmeier's Declaration. (ECF 31, at 6-8; *see also id.*, at 8-13 (explaining that even if not stricken, Hansmeier's evidence is inadmissible, and that even if it were admissible, Plaintiffs' evidence is nevertheless insufficient to defeat summary judgment)) To date, Plaintiffs have made no effort to explain why their untimely discovery disclosures are substantially justified or harmless. Heartwood now formally moves the Court to strike Hansmeier's Declaration from the record.

## ARGUMENT

The Court should strike Hansmeier's Declaration because (1) Hansmeier was never disclosed as a fact witness; (2) Hansmeier was never disclosed as an expert witness, and even if he had been, his Declaration would not be admissible as expert testimony; and (3) Hansmeier's Declaration relies upon inadmissible evidence.

### I.  Legal Standards.

Rule 26(a)(1) of the Federal Rules of Civil Procedure requires each party "to provide to the other parties the name…of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to supports its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). If a party fails to disclose a witness or evidence, it is not allowed "to supply [that] evidence on a motion, at a hearing, or a trial, unless the failure was substantially justified or is harmless." Fed. R.

Civ. P. 37(c)(1); *see also* ECF 12, at 2 ("Any evidence responsive to a discovery request that has not been disclosed before the trial date, except for good cause shown, shall be excluded from evidence at trial.")  Rule 37(c)(1)'s exclusionary sanctions are self-executing. Fed. R. Civ. P. 37 cmt. 1993 amend., subd. (c).  Further, the Court's Pretrial Scheduling Order stated: "Any evidence responsive to a discovery request that has not been disclosed before the trial date, except for good cause shown, shall be excluded from evidence at trial." (ECF 12, at 2).

Black-letter Eighth Circuit law likewise holds that the Court "may exclude from evidence at trial [or at summary judgment] any matter which was not properly disclosed in compliance with the court's pretrial orders, and such a ruling will be reversed on appeal only for abuse of discretion." *Brooks v. Union Pac. R.R. Co.*, 620 F.3d 896, 899 (8th Cir. 2010) (internal quotations omitted); *see also Anderson v. Astrazeneca, L.P.*, 477 Fed. App'x 427, 428 (8th Cir. 2012) (affirming the district court's striking of affidavits of four witnesses submitted by plaintiff in opposition to summary judgment motion because plaintiff "failed to disclose each witness in his Rule 26(a) disclosures or during the close of discovery"); *Fu v. Owens*, 2009 WL 1178541, *4 (D. Minn. May 1, 2009) (holding that plaintiffs may not rely on affidavit testimony to defeat summary judgment where plaintiffs did not disclose affiant during discovery).  Only admissible evidence may be used to oppose summary judgment. *E.g.*, Fed. R. Civ. P. 56(c)(1)(B), (c)(2).

## II. The Court Should Exclude Hansmeier's Declaration Because He Was Not Disclosed as a Fact Witness.

Hansmeier was not disclosed in Plaintiffs' Initial Disclosures, or in response to Heartwood's Interrogatory No. 1, which requested the identification of any witness who has knowledge regarding the facts alleged in Plaintiffs' Complaint. (ECF 34, at ¶ 2 & Ex. 1; ECF 19, at ¶ 2 & Ex. A)  Nor did Plaintiffs identify or produce any of the documentary evidence now offered by Hansmeier in response to Interrogatory No. 5, or Production Requests Nos. 1 or 5.  (ECF 19, at ¶ 2 & Ex. A; Windler Decl. Ex. 3)  Plaintiffs make no attempt to demonstrate that their failure to timely disclose Hansmeier or his evidence is either substantially justified or harmless.  *See* Fed. R. Civ. P. 37(c)(1).

Nor is it clear how these discovery violations could possibly be either justified or harmless.  Plaintiffs' Initial Disclosures and discovery responses were due over six months ago.  Plaintiffs had until November 1, 2015 to supplement these responses, but failed to do so.  Only after Heartwood moved for summary judgment based, *inter alia*, on Plaintiffs' lack of feasibility evidence did they offer the documents they now rely upon in opposition to summary judgment.  Plaintiffs have offered no explanation for the untimeliness of these disclosures.

Plaintiffs have robbed Heartwood of the opportunity, for example, to conduct discovery on the evidence Hansmeier offers with his Declaration.  Hansmeier asserts that the website printouts in Exhibit C are estimates for "barrier removal at the 889 Grand Building." (ECF 29, at ¶ 4)  These printouts, at best, list generic cost information for construction services, and do not purport to provide estimates for any work at the

7

Heartwood Offices.[2]  As discussed below, these printouts constitute hearsay and should be excluded on that basis.  To the extent the content in the printouts somehow are not inadmissible hearsay, Heartwood should have been given the opportunity in discovery to demonstrate that Hansmeier's proffered evidence is irrelevant, and therefore inadmissible on relevance grounds, as well.  For the foregoing reasons, Hansmeier's Declaration and Exhibit C thereto should be stricken.

### III. The Court Should Exclude Hansmeier's Declaration Because He Was Never Disclosed as an Expert Witness.

To the extent that Plaintiffs offer Hansmeier as an expert witness as to the feasibility of the architectural modifications they demand from Heartwood, they did not disclose Hansmeier (or anyone else) as an expert witness within the time allotted by the Court's Pretrial Scheduling Order. (ECF 12, at 2; Windler Decl., at ¶ 8)  Accordingly, Hansmeier should not be permitted to offer an expert opinion as to the feasibility of these architectural improvements.  (Windler Decl., ¶ 8)  Nor have Plaintiffs disclosed the materials in Hansmeier's Declaration as materials any expert relies upon in support of an opinion that such modifications are feasible.  Thus, Hansmeier should not be permitted to offer an expert opinion based on these materials.  *See, e.g.*, Fed. R. Civ. P. 26(a)(2)(B)(ii)-(iii) (requiring disclosure of all facts or data considered by an expert witness and any exhibits that will be used to support an expert's opinion); Fed. R. Civ. P.

---

[2] At least some of these out-of-state contractors appear unwilling to travel to Minnesota to perform Plaintiffs' proposed construction work.  *E.g.*, http://www.ablegroup.net/contactus.htm (The Abel Group (identified in ECF 29-3, at 1) only entertains "local inquiries" in certain portions of New England); *see also* ECF 29-3, at 7 (Plaintiffs' "mudjacking" estimate sourced from an Angie's List article attributable to a contractor located in Zionsville, Indiana).

37(c)(1) (failure to make a disclosure pursuant to Rule 26(a) presumptively requires exclusion of the evidence in question).

Further, even if he had been disclosed, Hansmeier's Declaration is wholly insufficient as expert testimony. An expert may only be allowed to testify if he is qualified as an expert and his testimony is based upon sufficient and reliable evidence. *See* Fed. R. Evid. 702; *see also Khoury v. Philips Med. Sys.*, 614 F.3d 888, 892 (8th Cir. 2010) ("In construing Rule 702, we require the proponent of expert testimony to prove, among other things, that the expert is qualified and his opinion is reliable.") Hansmeier offers no background information regarding his qualifications, and there is no basis on which to deem him a qualified expert. Moreover, as discussed more fully below, the purported evidence underlying his opinion is neither sufficient nor reliable—rather, it is wholly inadmissible hearsay evidence that is completely irrelevant to whether any architectural modifications at Heartwood Offices are readily achievable. To the extent Hansmeier's Declaration is meant to be an expert report, it should be excluded. *See Khoury*, 614 F.3d at 893 (affirming exclusion of unqualified and unreliable expert testimony).[3]

---

[3] In addition, Hansmeier's testimony is fraught with the potential for bias. He has a close familial relationship to Plaintiffs' attorney. Indeed, it is unclear whether Hansmeier has ever reviewed his declaration, given its recitation that he is "the Plaintiff in the above-captioned case," and that he has suffered "discrimination from Heartwood." (ECF 29, at ¶¶ 1, 5) Heartwood's concern that Hansmeier's Declaration may be a sham is hardly speculative. Plaintiffs' attorney has, in the words of one recent federal judge:

> [E]xhibited a serious and studied disregard for the orderly process of justice…. shown a relentless willingness to lie to the Court on paper and in person…and [has been] referred to state and federal bars, the United States

Heartwood properly disclosed its evidence, affording Plaintiffs a fair opportunity to prepare their case and challenge that evidence. By withholding their own evidence until summary judgment, Plaintiffs have denied Heartwood a reciprocal opportunity to prepare for and rebut that evidence.

The Court will be on firm ground excluding Hansmeier's Declaration. Plaintiffs should not be permitted to avoid subjecting their questionable evidence to proper discovery by withholding it until summary judgment. Discovery is now closed, and it is too late for Heartwood to properly prepare its defense in response to Plaintiffs' undisclosed witnesses, evidence, or, for that matter, Hansmeier's purported expert opinions based on that evidence.[4] Heartwood would be severely prejudiced by the admission of Hansmeier's Declaration, and Plaintiffs offer no justification for its

---

> Attorney in at least two districts, one state Attorney General, and the Internal Revenue Service….Hansmeier skirted the Court's direct questions, [his associate] made feigned protestations, and both flat-out lied…in the face of documentary evidence on the record in this case, and their sworn declarations in other cases.

*Lightspeed Media Corp. v. Smith*, 2013 WL 6225093, at *5 (S.D. Ill. Nov. 27, 2013) (citations and internal quotations omitted).

[4] Plaintiffs' counsel argues, based on this evidence, that Heartwood could "mud-jack" the sidewalk in front of the Heartwood Offices for a cost of $420. (Plaintiff's Opposition at 35) Plaintiffs assert that the "typical bid" for this service is "$60/slab, with a minimum of $240." *Id.* Estimating the cost to "mud-jack" the Heartwood Offices' sidewalk falls comfortably within the purview of expert testimony, which Plaintiffs tacitly concede by relying entirely on an Angie's List article purportedly attributable to Ron Bowen, owner of A-1 Concrete Leveling & Foundation Repair in Zionsville, Indiana to support this opinion. (*See* ECF 29-3, at 7; Plaintiff's Opposition at 35) The argument of counsel is not evidence, however. *Wittenburg v. Am. Exp. Fin. Advisors, Inc.*, 464 F.3d 831, 838 (8th Cir. 2006).

untimely submission. Accordingly, the Court should grant Heartwood's Motion and strike Hansmeier's Declaration in its entirety.

### IV. The Court Should Exclude the Documentary Evidence Offered in Hansmeier's Declaration Because It Contains Inadmissible Hearsay.

Even if the Court refuses to strike Hansmeier's Declaration, Exhibit C should still be excluded as inadmissible hearsay. This "evidence" of the feasibility of Plaintiffs' demanded architectural improvements is simply printouts from the web pages of out-of-state third-party contractors, big box retailers, and Angie's List. (*See generally* ECF 29-3) Plaintiffs offer this evidence to prove that barrier removal at the Heartwood Offices is both cost-effective and easily accomplished. (*See* Plaintiffs' Opposition, at 7, 29-3)

These website printouts constitute inadmissible hearsay because they are out-of-court statements that are offered for the truth of the matters asserted therein. Fed. R. Evid. 801(c), 802. Other courts routinely hold that website printouts are hearsay. *See FTC v. Med. Billers Network, Inc.*, 543 F. Supp. 2d 283, 302 (S.D.N.Y. 2008) (holding that printout of website illustrating salary data for medical billers was inadmissible hearsay to show that medical billers in fact earned those salaries); *Jackson v. Hartford Life & Accident Ins. Co.*, 2013 WL 1249568, *5 (N.D. Fla. Feb. 12, 2013) ("The Mayo Clinic website printout constitutes hearsay, and is inadmissible in support of the motion for summary judgment."); *In re Katz Interactive Call Processing Patent Litig.*, 2009 WL 8636003, *2 (C.D. Cal. May 1, 2009) (rejecting website printouts submitted in opposition to summary judgment and finding that "the third party website evidence is inadmissible"

11

hearsay). Because these printouts are inadmissible, Plaintiffs cannot rely on them to defeat summary judgment. Fed. R. Civ. P. 56(c).

Further, Exhibit C should be excluded because the website printouts lack authentication and foundation. Fed. R. Evid. 602. Hansmeier offers no evidence on when and who obtained the websites, or whether the information contained therein is accurate. (ECF 29 ¶ 4) Hansmeier does not offer any evidence that any of the companies identified in the printouts would do the work required, would work in Minnesota, would do the work for the prices listed, or that they are even currently in business. Thus, even if the Court does not strike Hansmeier's Declaration, it should still deem Exhibit C inadmissible, and refuse to consider it for purposes of summary judgment.

**V.      Heartwood Is Entitled To An Award Of Its Attorneys' Fees And Costs.**

In addition to providing the ability to strike a witness, Rule 37(c)(1) of the Federal Rules of Civil Procedure further states that "the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(c)(1). As stated herein, Plaintiffs' failed to disclose Hansmeier as a fact or expert witness and failed to disclose certain attachments to his Declaration. Such a failure was unjustified and Heartwood would face extreme prejudice if Hansmeier's Declaration is not stricken. As a result, Heartwood was forced to bring the instant Motion. However, the instant Motion would not have been required if Plaintiffs followed the clear, unambiguous requirements of the Federal Rules of Civil Procedure or this Court's Pretrial Scheduling Order. As a result,

the Court should award Heartwood its attorneys' fees and costs incurred in bringing this Motion.

## CONCLUSION

For the foregoing reasons, Heartwood respectfully asks the Court to grant its Motion, and strike Peter Hansmeier's Declaration, including Exhibit C attached thereto, in its entirety.

Date: January 11, 2016.                    WINTHROP & WEINSTINE, P.A.

                                           s/ Joseph M. Windler
                                           Joseph M. Windler #387758
                                           225 South Sixth Street, Suite 3500
                                           Minneapolis, MN 55402
                                           T 612.604.6400 | F 612.604.6800
                                           jwindler@winthrop.com

                                           *Attorney for Defendant*

11351933v4