UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

|  |  |  |
|---|---|---|
| DISABILITY SUPPORT ALLIANCE, on behalf of its members, and ERIC WONG, | ) ) ) ) ) | No.: 15-cv-529 PAM/FLN |
| Plaintiffs, | ) ) ) | **DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND NONTAXABLE COSTS** |
| v. | ) ) |  |
| HEARTWOOD ENTERPRISES, LLC, | ) ) |  |
| Defendant. | ) ) |  |

Defendant Heartwood Enterprises, LLC ("Heartwood"), hereby makes this motion for an award of its attorneys' fees and nontaxable costs, as well as all of its other expenses and costs, under 42 U.S.C. § 12205, 28 C.F.R. § 36.505, Minn. Stat. § 363A.33, subd. 7, 28 U.S.C. § 1927, and in accordance with Federal Rule of Civil Procedure 54(d).

Rule 54(d)(2) provides that Heartwood must bring this motion within 14 days from the date of final judgment, which was entered in this matter on February 24, 2016. Accordingly, this motion has been timely made by Wednesday March 9, 2016. Local Rule 54.3(b) provides that, "[w]hen a party timely files and serves a motion for attorney's fees and related nontaxable expenses pursuant to Fed. R. Civ. P. 54(d)(2), the court must issue a briefing schedule." Pursuant to these rules, Heartwood hereby moves for an award of its attorneys' fees and nontaxable costs, and requests that the Court issue a briefing schedule for this motion.

1

Defendant is mindful that the Court's Memorandum Opinion and Order, filed on February 24, 2016, only states that Plaintiffs will pay Heartwood's costs and attorneys' fees associated with bringing its Motion to Strike. (ECF No. 47, p. 14).[1]  However, because this issue has not been previously briefed or argued, Defendant believes it is appropriate to bring this motion under Rule 54(d)(2) to formally request the Court to award all of its attorneys' fees and nontaxable costs incurred in the above-captioned matter, and to preserve its rights to such relief.

## FACTUAL SUPPORT FOR MOTION

Plaintiffs commenced this action on January 23, 2015, asserting claims under 42 U.S.C. §§ 12101 *et seq.*, Minn. Stat. Chapter 363A, and Minn. Stat. § 363A.11.  On November 13, 2015, Heartwood filed its Motion and Notice of Motion for Summary Judgment and on December 8, 2015, it filed its Memorandum and three declarations in support of its Motion.  (ECF Nos. 13, 14, 18-20)  On December 29, 2015, Plaintiffs filed their Memorandum in Opposition to Defendant's Motion for Summary Judgment and filed three declarations in support of their Memorandum including the Declaration of Peter Hansmeier.  (ECF Nos. 26-29)  On January 11, 2016, Heartwood brought a Motion to Strike the Declaration of Peter Hansmeier.  (ECF Nos. 35-38)  On February 24, 2016, this Court filed its Memorandum and Order granting both Heartwood's Motion to Strike and its Motion for Summary Judgment.  (ECF No. 47)  The Court also ordered Plaintiffs

---

[1] The parties have reached an agreement resolving the issue of Plaintiffs' payment of Heartwood's fees and costs incurred in connection with the Motion to Strike.  To the extent either party fails to comply with the resolution, Heartwood will submit an affidavit of fees and costs incurred in connection with the Motion to Strike at that time.

to pay Heartwood's costs and attorneys' fees associated with its Motion to Strike. (*Id.* at p. 14)  This Court has ordered the relief Heartwood was seeking—full dismissal of Plaintiffs' claims. (*Id.*)  Heartwood brings this Motion to recover all remaining attorneys' costs and fees incurred in this action.

## LEGAL AUTHORITY FOR MOTION

Heartwood is entitled to recover its attorneys' fees and nontaxable costs, as well as its other costs and expenses, pursuant to 42 U.S.C. § 12205, 28 C.F.R. § 36.505, and Minn. Stat. § 363A.33 because it has prevailed on its Motion for Summary Judgment.

Fed. R. Civ. P. 54(d)(2) provides that a prevailing party has 14 days from the date that final judgment has been entered to file a motion for an award of attorneys' fees and nontaxable costs.  The Memorandum and Order was entered in the instant case on February 24, 2016.  (ECF No. 47)  Accordingly, Heartwood has until March 9, 2016, by which to file its motion to recover its attorneys' fees and nontaxable costs under Rule 54(d).  Heartwood's Motion is timely.

Under 42 U.S.C. § 12205, "[i]n any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual."  28 C.F.R. § 36.505 provides the same right to collect attorneys' fees.  Similarly, Minn. Stat. § 363A.33, subd. 7 states that "[i]n any action or proceeding brought pursuant to this section the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs."

3

Heartwood seeks an award of all attorneys' fees and costs incurred in the above-captioned matter under the above-stated statutory provisions. Heartwood will provide further detail regarding the attorneys' fees and costs incurred and will provide evidence to prove up these fees and costs in accordance with the briefing schedule that it requests under Local Rule 54.3(b).

As part of its application for an award of attorneys' fees and nontaxable costs pursuant to 42 U.S.C. §12205, 28 C.F.R. § 36.505, and Minn. Stat. § 363A.33, subd. 7, Heartwood requests reimbursement for the attorneys' fees and costs incurred to bring this motion. The District of Minnesota has held that attorneys are entitled to seek the attorneys' fees and costs incurred in litigating its claim to attorneys' fees. *See Does 1-100 v. Dakota County, Minn.,* CIV. 4-84-378, 1986 WL 7554, at *5 (D. Minn. Jan. 8, 1986). Therefore a request for such fees is proper.

In addition to seeking an award of attorneys' fees and costs from Plaintiff, Heartwood alternatively seeks an award of such fees and costs from Plaintiffs' attorney, Paul Hansmeier, under 28 U.S.C. § 1927. 28 U.S.C. § 1927 states that "any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927 "Sanctions are proper under § 1927 when the attorney's conduct, viewed objectively manifests either intentional or reckless disregard of her duties to the Court." *Quasius v. Schwan Food Co.*, CIV. 08-575 JNE/JJG, 2010 WL 3218591, at *2 (D. Minn. Aug. 13, 2010)

4

(Defendant sought attorneys' fees pursuant to 42 U.S.C. § 12205 and sought to hold counsel personally liable under 28 U.S.C. § 1927); *see also Anderson v. Indep. Sch. Dist. No. 97,* CIV. 98-2217 JRT/RLE, 2003 WL 328043, at *3 (D. Minn. Feb. 10, 2003) (An award of attorneys' fees under 28 U.S.C. § 1927 requires "at least a finding of objective bad faith")  Heartwood believes that attorney Hansmeier's conduct in this case rises to the level of a reckless disregard of his duties to this court.  Heartwood will provide further detail regarding attorney Hansmeier's conduct in accordance with the briefing schedule.

## CONCLUSION

Based on the foregoing, Heartwood respectfully requests that the Court establish a briefing schedule and, upon completion of the parties' submissions, award Heartwood its attorneys' fees and nontaxable costs, as well as its other costs and expenses, as a prevailing Defendant under  42 U.S.C. § 12205, 28 C.F.R. § 36.505, 28 U.S.C. § 1927, and Minn. Stat. § 363A.33.

Dated: March 9, 2016                                         **WINTHROP & WEINSTINE, P.A.**

By: s/ Joseph M. Windler
       Joseph M. Windler, #387758

225 South Sixth Street
Suite 3500
Minneapolis, Minnesota 55402
Telephone:  (612) 604-6400
Email:  jwindler@winthrop.com

*Attorneys for Heartwood Enterprises, LLC*

11593130v1

5