UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DISABILITY SUPPORT ALLIANCE, on behalf of its members, and ERIC WONG,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>HEARTWOOD ENTERPRISES, LLC,<br><br>　　　　　　　　Defendant. | No.: 15-cv-529 PAM/FLN<br><br>**DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES AND NONTAXABLE COSTS** |

Defendant Heartwood Enterprises, LLC ("Heartwood") respectfully submits this Reply Memorandum of Law in Support of its Motion for Attorneys' Fees and Nontaxable Costs.

## PROCEDURAL BACKGROUND

On January 25, 2016, the Court granted Defendant Heartwood Enterprises, LLC's ("Heartwood") Motion for Summary Judgment and Motion to Strike, and further awarded Heartwood's request for attorneys' fees and costs incurred in connection with its Motion to Strike. (ECF Doc. 43) On February 24, 2016, the Court entered Judgment consistent with its granting of Heartwood's Motion for Summary Judgment and Motion to Strike, as well as the Court's award of Heartwood's request for attorneys' fees and costs incurred in connection with its Motion to Strike. (ECF Doc. 48)[1]

---

[1] As stated in Heartwood's opening brief, the parties have agreed that Plaintiffs shall pay $10,774.35 to Heartwood in connection with the Motion to Strike. Heartwood respectfully requests that the Court enter an Order consistent with the parties' agreement.

On March 9, 2016, Heartwood filed its Motion for Attorneys' Fees and Nontaxable Costs and requested that the Court enter a briefing schedule in connection with the motion. (ECF Doc. 50)  On March 11, 2016, the Court set the briefing schedule for Heartwood's Motion for Attorneys' Fees and Nontaxable Costs and ordered: "Def. Motion for Attorney Fees: Def. Brief and Affidavit by 3/25/2016; Pl. Response by 4/1/2016; Any Reply by Def. by 4/8/2016."  (ECF Doc. 52)

Consistent with the Court ordered briefing schedule, Heartwood filed its brief and supporting affidavit on March 26, 2016.  (ECF Docs. 54-55)  In direct violation of the Court's briefing schedule, Plaintiffs Eric Wong and Disability Support Alliance ("Plaintiffs") did not file a response to Heartwood's Motion for Attorneys' Fees and Nontaxable Costs by April 1, 2016.  Rather, Plaintiffs did not file their Opposition Brief until April 4, 2016.  (ECF Doc. 62)

## ARGUMENT

### I. PLAINTIFFS' UNTIMELY MEMORANDUM OF LAW IN OPPOSITION TO HEARTWOOD'S MOTION FOR ATTORNEYS' FEES AND NONTAXABLE COSTS SHOULD NOT BE CONSIDERED.

Pursuant to the Court's March 11, 2016 Order, Plaintiffs' Opposition Brief to Heartwood's Motion for Attorneys' Fees and Nontaxable Costs was due on April 1, 2016. (ECF Doc. 52).  Plaintiffs did not file their brief until April 4, 2016, three days after the deadline set by the Court.  Because it is untimely, it should not be considered by the Court.

The United States District Court for the District of Minnesota has found that a party's failure to comply with the Court's briefing schedule under Local Rule 54.3

2

constitutes a "blatant disregard for the deadlines and procedure imposed by the court" and indicates that the party did not act in good faith. *Hemmah v. City of Red Wing*, CIV06-3887 JNE/JJG, 2010 WL 1131453, at *4 (D. Minn. Mar. 22, 2010) aff'd, 406 Fed. Appx. 90 (8th Cir. 2011) (internal citation omitted) (quoting *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2000)); *see also E.E.O.C. v. Hibbing Taconite Co.*, 266 F.R.D. 260, 266 (D. Minn. 2009) (The court has "an inherent interest in preserving our Scheduling Orders, so as to preserve the integrity of the Court's process, as well as to enforce the command of Rule 1 of the Federal Rules of Civil Procedure, that civil actions be administered so as to assure the just, speedy, and inexpensive, resolution of matters venued in Federal Court.") In *Hemmah*, the court order "unambiguously required [plaintiff] to file a motion for attorneys' fees by a *date certain*." *Id.* (emphasis in original)  Plaintiff failed to file his motion by the date set in the court's Order. *Id.* at *2.  The court stated that if plaintiff "believed that he could take matters into his own hands and extend that deadline without Court permission . . . that belief was unreasonable." *Id.* at *4.  Rather, if plaintiff could not make the deadlines imposed by the court he could have requested an extension of the deadline or he could have timely filed the motion, "inexplicably he did neither." *Id.*

Similar to *Hemmah*, in this case, the Court's March 11, 2016 Order required Plaintiffs to file their responsive brief by April 1, 2015. (ECF Doc. 52).  Inexplicitly, Plaintiffs neither requested an extension of the deadline or timely filed their memorandum.  Such action shows a blatant disregard for the Court's deadlines and shows that Plaintiffs have acted in bad faith. *Hemmah*, 2010 WL 113453 at * 4.

3

Because Plaintiffs refused to comply with the Court's Order, the Court need not consider Plaintiffs' opposition. To allow Plaintiffs to ignore the Court's Order renders the Order meaningless and completely eviscerates the procedural protection afforded to the parties by such an Order.

## II. PLAINTIFFS CONTINUED TO LITIGATE THE CASE AFTER IT BECAME CLEAR THAT THEIR CLAIMS WERE UNREASONABLE AND WITHOUT FOUNDATION.

Plaintiffs claim that they acted in good faith by bringing their Complaint and that at the time of filing their case was not frivolous.[2] (ECF Doc. 62 at p. 8) Further, Plaintiffs argue that merely because they did not prevail in their action does not mean that the action was unreasonable or without foundation. (*Id.* at p. 6-7) Both of these arguments fail to address the fact that Plaintiffs continued to litigate the case after "it clearly became unreasonable and without foundation." *Little v. Ford Motor Co.*, 97-

---

[2] Plaintiffs cite *Chester v. St. Louis Housing Authority*, 873 F.2d 207 (8th Cir. 1989), for the argument that "Plaintiffs well-established history of bringing directly-comparable meritorious claims cuts against a finding of frivolousness." (ECF Doc. 62 at p. 6) However, *Chester* does not support such an argument. Rather, in *Chester* plaintiff filed a lawsuit claiming that the housing authority had denied him due process in demoting him without a hearing. *Id.* at 208. The jury returned a verdict in plaintiffs' favor. *Id.* Plaintiff then brought a second lawsuit against the housing authority claiming that he was demoted on the basis of race. *Id.* The district court correctly determined that the second action was barred by the doctrine of *res judicata*. *Id.* In determining whether the second claim was frivolous, and thus whether the defendant was entitled to attorneys' fees, the court found that plaintiff's status as a pro se litigant was particularly relevant in cases where the defendant prevails based on "procedural rules that are difficult even for experienced lawyers and judges to apply, much less lay persons." *Id.* at 208-09. Here, Plaintiffs were not *pro se* and, thus, *Chester* is inapplicable. Further, Plaintiffs' argument that their claims in this lawsuit are not frivolous because their past cases were not frivolous is nonsensical. Based on such an argument, if a plaintiff is successful once, they would be immune from a finding that they ever acted frivolously in the future.

4

1292-CV-W-4, 1999 WL 485025, at *1 (W.D. Mo. May 20, 1999) (citing *Marquart v. Lodge* 837, 26 F.3d 842, 849 (8th Cir. 1994).

Under *Christianburg*, an award of costs and fees is not appropriate solely because Heartwood was successful on its Motion for Summary Judgment. *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 422, 98 S. Ct. 694, 700 (1978) ("it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation") Importantly, this is not Heartwood's argument. Rather, Heartwood is entitled to its attorneys' fees and costs because Plaintiffs continued to litigate the case after "it clearly because unreasonable or without foundation." *Little*, 1999 WL 485025 at *1.

Under the *Christianburg* standard, a court is to award attorneys' fees to a prevailing defendant either when: (1) the claim "was frivolous, unreasonable, or groundless"; or (2) if the plaintiff "continued to litigate after it clearly became so." *Christianburg*, 434 U.S. at 422. A plaintiffs conduct is considered truly egregious, and therefore subject to an award of attorneys' fees, when it meets the *Christianburg* standard. *Riddle v. Egensperger*, 266 F.3d 542, 547 (6th Cir. 2001). In this case, Plaintiffs continued to litigate after it was clear that their case was unreasonable and groundless.

First, Plaintiffs presumably knew at the time that they filed their Complaint that they did not have admissible evidence to support their evidentiary burdens. Further, Plaintiffs were put on notice as early as the March 25, 2015 meet and confer conference

5

that removal of the architectural barriers was not readily achievable. (ECF Doc. 53 at ¶ 19; ECF Doc. 21 at ¶ 7)  Heartwood also provided such information to Plaintiffs at the Rule 16 Conference on May 27, 2015 and it was incorporated into the Joint Rule 26(f) Report.  (*Id.*; ECF Doc. 10 at p. 2).  When an ADA defendant asserts that removal of architectural barriers is not readily achievable ADA plaintiffs need to provide evidence of (1) a specific design to remove the barriers alleged; (2) the cost of removal of the proposed remedy; and (3) the effect on the finances and operation of the facility. *Gathright-Deitrich v. Atlanta Landmarks, Inc.*, 435 F. Supp. 2d 1217, 1226 (N. D. Ga. 2005).  It was **Plaintiffs'** burden to conduct discovery or to obtain admissible evidence to support these factors as Heartwood is not required to litigate both sides of the case. Plaintiffs knew both at the time that they filed their Complaint and after the March 25, 2015 meet and confer conference that they were required to meet these elements with admissible evidence.  Plaintiffs therefore acted frivolously and their claims became groundless when they failed to conduct discovery or otherwise provide any admissible evidence to support such elements.  Therefore, Heartwood is entitled to the entirety of the attorneys' fees incurred in this case.

 In the alternative, Plaintiffs' knew that their claims were frivolous or groundless after Heartwood provided Plaintiffs with the expert report of Julee Quarve-Peterson ("Expert Report") on September 1, 2015.  (ECF Doc. 56-5)  The Expert Report clearly states that "[w]hile architectural barriers exist at Heartwood's 889 Grand Avenue location, removal of such barriers is not 'readily achievable' and installing an exterior walkway (ramp) as Plaintiffs propose would not make the goods or services offered at

889 Grand Ave. accessible." (*Id.* at p. 2)  Ms. Quarve-Peterson stated in her expert report and in her affidavit in support of summary judgment that "[i]n order to make the entire building comply with ADA standards, it could easily cost Heartwood in excess of $300,000." (*Id.* at 9)  Plaintiffs were therefore aware that they would be required to present evidence regarding (1) a specific design to remove the barriers alleged; (2) the cost of removal; (3) and the effect on the finances and operation of the facility. *Gathright-Deitrich v. Atlanta Landmarks, Inc.*, 435 F. Supp. 2d at 1226.  However, Plaintiffs did not conduct discovery (absent a single site inspection that neither Plaintiffs, nor their counsel, attended), or retain an expert, to support any of these factors.  As a result, Plaintiffs' claims were frivolous and groundless from the get-go and Heartwood should be entitled to recover all costs it incurred in bringing its summary judgment motion.  Even if Plaintiffs' claims were not frivolous at the time that the lawsuit was originally filed, they became groundless and frivolous when Plaintiffs were put on notice that barrier removal was not readily achievable and they did not have *any* evidence to support that such removal was readily achievable.[3]

### III.   PLAINTIFFS' CLAIMS ARE FRIVOLOUS UNDER ANY CIRCUIT'S LAW, AS NO CIRCUIT ALLOWS FOR A PLAINTIFF TO PROCEED WITHOUT ADMISSIBLE EVIDENCE.

Plaintiffs argue that their claims are not frivolous because there are potential issues for appeal.  (ECF Doc. 62 at p. 7).  As an initial matter, Plaintiffs have supplied no case

---

[3] In the alternative, if the Court finds that Plaintiffs could not have reasonably known that their claims were frivolous or groundless until the Expert Report, Heartwood respectfully requests that the Court award Heartwood all of its attorneys' fees and costs incurred after September 1, 2015.

law to support the argument that potential appealability is a factor to be considered when determining whether a case is frivolous or groundless.

Moreover, Plaintiffs do not provide case law from any circuit in which a plaintiff survived summary judgment without providing the court with any admissible evidence in support of a necessary element of one of his claims. Nevertheless, Plaintiffs appear to claim that if the Court would have applied the burden standard from the Second Circuit, rather than the Tenth Circuit, there would have been a different result. (*Id.*)  However, as Plaintiffs failed to gather ***any*** admissible evidence regarding the "readily achievable" standard it is irrelevant whether the Court applied the Second Circuit approach or the Tenth Circuit approach.  Plaintiffs' claims were groundless under either standard. Plaintiffs have not provided the Court with one case that supports the proposition that a plaintiff can have a meritorious claim without any admissible evidence supporting a necessary element to his claim.

> In the Second Circuit case *Roberts v. Royal Atlantic Corp.*, the Court stated that:
>
> When evaluating a claim under [the ADA], we require a plaintiff to articulate a plausible proposal for barrier removal, the costs of which facially, do not clearly exceed its benefits.  Neither the estimates nor the proposal are required to be exact or detailed, for the defendant may counter the plaintiff's showing by meeting its own burden of persuasion and establishing that the costs of a plaintiff's proposal would in fact exceed its benefits.

*Roberts v. Royal Atlantic Corp.*, 542 F.3d 363, 373 (2nd Cir. 2008).  The *Roberts* court determined that "plaintiffs had satisfied their initial burden of production by proffering plans—proposed themselves or with the aid of the independent architect—that would permit facially cost-effective wheelchair access to at least one of the pool areas."

8

Therefore, even under the more lenient Second Circuit approach, Plaintiffs were required to present a plausible, admissible proposal for barrier removal that clearly articulates the potential cost of removal. As clearly stated by this Court in its Summary Judgment Order, "Plaintiffs have not presented any specific plans, cost estimates, or evidence regarding Heartwood's financial position or the effects that the modifications might have on Heartwood's operations." (ECF Doc. 47 at p. 13) Therefore, it is irrelevant what standard the Court applied, Plaintiffs' claims were frivolous when they served their Complaint without any admissible evidence supporting necessary elements of their causes of action or, in the alternative, certainly no later than when they became aware that removal of the architectural barriers was not readily achievable and they failed to do anything to support the claim that such removal was readily achievable.

## IV. *LITTLE* AND *BERGERON* ARE APPROPRIATE COMPARISONS TO THE FACTS IN THIS CASE.

Plaintiffs improperly assert that *Little v. Ford Motor Co.* and *Bergeron v. NW Publications, Inc.* are not applicable in this case because "[f]ar from demonstrating that an award of costs and fees is appropriate in this case, these two cases demonstrate just how egregious the facts must be before an award of costs and fees is appropriate." (ECF Doc. 62 at p. 12) However, the facts in this case are just as egregious as those in *Little* and *Bergeron* and thus an award is appropriate.

Plaintiffs improperly assert that the *Little* case "involved blatant fraud" and because this case does not involve such "fraud" an award of costs and fees is not appropriate. (*Id.* at p. 13) However, the *Little* court **never** describes the plaintiff's

9

conduct as fraudulent and fraudulent conduct is not the standard for an award of attorneys' fees and costs. *See Little*, 1999 WL 485025. Rather, the standard is whether the claim is frivolous, unreasonable, or groundless or whether plaintiff continued to litigate after it became so. *Christianburg*, 434 U.S. at 422. In this case, as in *Little*, Plaintiffs had an obligation to obtain the requisite admissible facts to support their claims and Plaintiffs' claims became frivolous when they failed to undertake this obligation. *See Little*, 1999 WL 485025. Therefore, as in *Little*, an award of attorneys' fees and costs is appropriate.

Plaintiffs also improperly state that Heartwood relied upon *Bergeron v. NW. Publications, Inc.*, 165 F.R.D. 518 (D. Minn. 1996) ("*Bergeron 2*") for its claim for attorneys' fees and costs. Plaintiffs are, yet again, wrong. In reality, Heartwood relies upon the *Bergeron v. NW. Publications, Inc.*, CIV. 3-94-1124, 1996 WL 210789 (D. Minn. Jan. 12, 1996) ("*Bergeron 1*"). (ECF Doc. 62 at p. 13)  *Bergeron 2*, which Plaintiffs improperly cite and analyze, discusses whether sanctions are immediately appropriate under Rule 11 of the Federal Rules of Civil Procedure. *Bergeron v. NW. Publications, Inc.*, 165 F.R.D. at 520. The Court expressly states that, "[a]t the present time, the Court makes no finding with respect to the amount of sanctions under 28 U.S.C. § 1927, or the amount of attorneys' fees and costs under 42 U.S.C. § 12205. The Court will make a determination as to these issues once the entire case has been concluded on the merits." *Id.* Therefore, all of Plaintiffs analysis is incorrect and misplaced as it relates to sanctions under Rule 11, not under 42 U.S.C. § 12205.

As stated in Heartwood's initial brief, in *Bergeron 1*, the court explicitly found that sanctions were appropriate because plaintiff did not have medical evidence to support its claims when the complaint was filed, when defendant requested that plaintiff dismiss the complaint, or at the time of summary judgment. *Bergeron v. NW. Publications, Inc.*, 1996 WL 210789 at * 10.  In this case, Plaintiffs failed to provide any evidence to support their claim that removal of the architectural barriers was "readily achievable," and did have any such evidence when Plaintiffs served their Complaint. This was still true, at the March 25, 2015 meet and confer conference, Rule 16 Conference, when they received the Expert Report, and at the time of summary judgment.  As a result, Plaintiffs' actions were just as egregious as those in *Bergeron 1*.

## V.   HEARTWOOD IS ENTITLED TO RECOUP ITS ATTORNEYS' FEES AND COSTS FROM ATTORNEY PAUL HANSMEIER.

Sanctions are appropriate against an attorney under 28 U.S.C. § 1927 when "the attorney's conduct, viewed objectively manifests either intentional or reckless disregard of her duties to the Court." *Quasius v. Schwan Food Co.,* CIV. 08-575 JNE/JJG, 2010 WL 3218591, at *2 (D. Minn. Aug. 13, 2010).  The Court has found that sanctions are appropriate under Section 1927 when:

> [A]n attorney has acted in an objectively unreasonable manner by engaging in serious and studied disregard for the orderly process of justice; pursued a claim that is without plausible legal or factual basis and lacking in justification; or pursued a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound.

*Jolly Group, Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006) (internal quotations and citations omitted).  Section 1927 also imposes a continuing duty upon

11

attorneys to dismiss claims that are no longer viable. *Id.* Attorney Paul Hansmeier ("Hansmeier") knew, or should have known that, the Plaintiffs' claims were not viable when he served the Complaint, when he was put on notice of Heartwood's "readily achievable" defense, and certainly when he received the Expert Report and realized that they had conducted absolutely no discovery (save for a single site inspection that he did not attend and which did not uncover a proposed cost of the removal of architectural barriers or such removal's effect on Heartwood's operations) to support the contention that removal of the architectural barriers was readily achievable. At all of these points in time, Plaintiffs' claims lacked a plausible legal and factual basis. Hansmeier therefore had an obligation to dismiss Plaintiffs' claims. Instead, in response to Heartwood's Motion for Summary Judgment, Hansmeier improperly tried to enter surprise inadmissible evidence through the declaration of his brother. Such conduct clearly represents an intentional disregard for Hansmeier's duties to the Court.

Further, contrary to Plaintiffs' claims, both *Bergeron v. NW Publications, Inc.* and *Deretich v. City of St. Francis* support a Court awarding attorneys' fees under Section 1927 when an attorney fails to conduct the discovery required to support its claims. *Bergeron v. NW Publications, Inc.*, CIV 3-94-1124, 1996 WL 210789, at * (D. Minn. Jan. 12, 1996); *Deretich v. City of St. Francis*, 650 F. Supp. 645, 647-49 (D. Minn. 1986). When discovery, or an expert witness, is required to meet a plaintiff's evidentiary burden and counsel fails to conduct such discovery the claim lacks the requisite factual or legal basis and requires dismissal. *See id.* Hansmeier's conduct is the same as counsel's conduct in *Deretich* as counsel failed to conduct discovery despite being on notice that

discovery was required to uncover supportive facts. *Id.* at 648-49. It is irrelevant that such notice came from the Court in *Deretich* and from opposing counsel in this case. *Id.* at 648. In both cases counsel was aware that discovery, or an expert opinion, was necessary to uncover the requisite supportive facts and despite discovery not providing such information counsel improperly continued to pursue the claim. As such, an award of attorneys' fees and costs is appropriate.

Plaintiffs argue that the facts in this case parallel those contained in *Quasis v. Schwan,* 2010 WL 3218591, and therefore an award of attorneys' fees and costs against Hansmeier is improper. Plaintiffs' reliance on *Quasis* is misplaced. In *Quasis*, plaintiff failed to answer defendant's requests for admission and the district court granted summary judgment because plaintiff's failure to answer such requests resulted in the matters being admitted under Fed. R. Civ. P. 36(a)(3). *Quasius v. Schwan Food Co.,* 596 F.3d 947, 950 (8th Cir. 2010). Plaintiff appealed to the Eighth Circuit where it argued that the district court should not have deemed those matters admitted without further analysis under Rule 36(b). *Id.* Plaintiff argued that he was not required to file a motion with the district court to withdraw his admissions, because his untimely service of responses constituted a withdrawal under Rule 36(b). *Id.* at 951. The Eighth Circuit found that plaintiff's interpretation of Rule 36(b) was erroneous. *Id.* at 951-52. Following the Eight Circuit's decision defendants brought a motion for attorneys' fees and costs under 28 U.S.C. § 1927. *Quasis*, 2010 WL 3218591. In denying defendant's motion, the Court held that "[a]lthough counsel for [plaintiff]'s interpretation of Rule 36 was in error, her conduct did not evidence intentional or reckless disregard of her duties

13

to the Court, and the seven-page opinion of the Eighth Circuit affirming dismissal of [plaintiff]'s claims gave no indication that his appeal of this court's application of that Rule was frivolous, unreasonable, or groundless." *Id.* at *2.

Unlike this case, counsel in *Quasis* had a legal and factual basis to support continued litigation of his claims. *Id.* In this case, Hansmeier failed to conduct the requisite discovery or obtain an expert to support his claims and he had no legal justification for doing so. Hansmeier has not produced a single case that supports his claim that an attorney does not show a disregard to his duties to the Court when he pursues his claim without any admissible evidence to support his clients' "claims." Therefore, he neglected his duties to the Court and an award of attorneys' fees and costs is appropriate.

## VI.   THE COURT SHOULD FIND THAT HEARTWOOD'S ATTORNEYS' FEES AND COSTS ARE REASONABLE AND APPROPRIATE.

The Court should find that Heartwood's attorneys' fees and costs are reasonable and appropriate and that it is entitled to its costs and fees incurred in this case and in bringing this Motion. Heartwood provided ample evidence in both its initial brief and in the Declaration of Joseph M. Windler to support such a finding and it has gone uncontested by Plaintiffs. (ECF Doc. 55, pp. 16-19; ECF Docs. 54, 62).

Further, Heartwood is entitled to reimbursement for the attorneys' fees and costs incurred to bring this motion, including its fees incurred in drafting this reply memorandum. Heartwood has incurred $3,376 in costs and $3.60 in fees in preparing this Reply Memorandum. (Declaration of Joseph W. Windler, Exhibits 1 and 2) The

District of Minnesota has held that attorneys are entitled to seek the attorneys' fees and costs incurred in litigating its claim to attorneys' fees. *See Does 1-100 v. Dakota County, Minn.*, CIV 4-84-378, 1986 WL 7554, at *5 (D. Minn. Jan. 8, 1986)  Therefore, such a finding is just and appropriate.

## CONCLUSION

Based on the foregoing, Heartwood respectfully requests that the Court grant its Motion for Attorneys' Fees and Nontaxable Costs and award Heartwood $80,295.75 in attorneys' fees and $2,165.58 in costs, which includes its costs and fees incurred in bringing this Motion.

Dated:  April 8, 2016                                       WINTHROP & WEINSTINE, P.A.

By: *s/ Joseph M. Windler*
Joseph M. Windler, #387758

225 South Sixth Street
Suite 3500
Minneapolis, Minnesota 55402
Telephone:  (612) 604-6400
Email:  jwindler@winthrop.com

*Attorneys for Defendant*
*Heartwood Enterprises, LLC*

11730945v1