UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DISABILITY SUPPORT
ALLIANCE, on behalf of its members; and
ERIC WONG,

      *Plaintiffs*,

v.

HEARTWOOD ENTERPRISES, LLC,

      *Defendant*.

Case No. 0:15-cv-0529-PAM-FLN

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S BILL OF COSTS

      Plaintiffs oppose Defendant's Bill of Costs. Plaintiffs request that the Court deny Defendant's claim because: (1) Defendant is not entitled to costs and fees under Rule 54(d) of the Federal Rules of Civil Procedure or 28 U.S.C. § 1920, as Plaintiffs may only be found liable for costs and fees under the applicable ADA standard set forth in 42 U.S.C. § 12205; and, (2) the prerequisites for an award for prevailing defendants under the applicable ADA standard have not been met.

## ARGUMENT

      Defendant relies on Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920 as authority for its bill of costs. Defendant is not entitled to costs under Rule 54(d) or 28 U.S.C. § 1920, as Plaintiffs may only be found liable for costs in appropriate cases under the applicable

1

ADA standard.  42 U.S.C. § 12205.

Rule 54(d) provides that costs shall be awarded to the prevailing party "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules ..." Fed. R. Civ. P. 54(d).  Section 12205 of the ADA provides courts with the discretionary authority to award "a reasonable attorney's fee, including litigation expenses, and costs" to private parties that prevail in ADA actions.  Thus, it is Section 12205 of the ADA – rather than the federal rules – which governs requests for costs by defendants who prevail in ADA-based litigation.  *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1190 (9th Cir. 2001); *see also Shepard v. Honda of America, Mfg., Inc.,* 160 F. Supp. 2d 860, 975 (S.D. Ohio 2001) (ADA provision awarding costs to prevailing party controls over Rule 54(d)).  Similarly, a prevailing defendant must meet the requirements of Section 12205 of the ADA to recover taxable costs set forth in 28 U.S.C. § 1920. *Brown*, 246 F.3d 1182, 1190 (ADA provision governs recovery of costs by prevailing defendant); *see also Fite v. Digital Equip. Corp.*, 66 F. Supp.2d 232, 233-234 (D. Mass. 1999) (same); *Red Cloud-Owen v. Albany Steel, Inc.*, 958 F. Supp. 94, 97 (N.D.N.Y 1997) (same); *Rath v. Village of Lombard, Illinois*, 1996 WL 431828* 6 (N.D. Ill, July 23, 1996) (same).

For all of the reasons stated in Plaintiffs' Opposition to Defendant's Request For Costs and Fees, Dkt. No. 62, Defendant has not met the applicable ADA standard for recovery of costs.

## **CONCLUSION**

The Court should deny Defendant's Bill of Costs.

Respectfully submitted,

DATED:  April 8, 2016                                  /s/ Paul R. Hansmeier
                                                                    Paul R. Hansmeier (MN Bar # 387795)
                                                                    CLASS JUSTICE PLLC
                                                                    100 South Fifth Street, Suite 1900
                                                                    Minneapolis, MN 55402
                                                                    E-mail: mail@classjustice.org
                                                                    Phone: (612) 326-9801
                                                                    *Counsel for Plaintiffs*