UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Disability Support Alliance, and Eric Wong, | Civ. No. 15-529 (PAM/FLN) |
| Plaintiffs, | |
| v. | **ORDER** |
| Heartwood Enterprises, LLC, | |
| Defendant. | |

This matter is before the Court on Defendant Heartwood Enterprises, LLC's renewed Motion for Attorney's Fees and Nontaxable Costs.  In addition, the Eighth Circuit Court of Appeals directed this Court to rule on a similar Motion Heartwood raised in that court.  Defendant seeks attorney's fees from Plaintiffs generally under federal and state civil-rights laws, and from Plaintiffs' former counsel individually under 28 U.S.C. § 1927.

Defendant's Motion is a renewal of a Motion that the Court denied without prejudice pending appeal.  (Docket No. 67.)  While the initial Motion was fully briefed, Plaintiffs did not respond to the renewed Motion.  However, an attorney for Plaintiffs' former counsel Paul Hansmeier, who has been suspended from the practice of law, filed a response to the Motion as it relates to the fees sought directly from Mr. Hansmeier (Docket No. 76), as well as a notice of supplemental authority in support of Mr. Hansmeier's position.  (Docket No. 77.)  The response specifically disclaims any intent to represent Plaintiffs' interests in this matter

(Docket No. 76 at 1 n.1), and thus the Motion is unopposed as to Plaintiffs. Finally, despite the Court's Order that any reply be filed by June 11, 2018 (Docket No. 74), Heartwood did not file a reply until June 15, 2018.[1]

**DISCUSSION**

Heartwood moves for an award of attorney's fees and costs under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12205 and 28 C.F.R. § 36.505, the Minnesota Human Rights Act ("MHRA"), Minn. Stat. § 363A.33, subd. 7, and Fed. R. Civ. P. 54(d). In addition, Heartwood seeks its fees and costs from Plaintiffs' former attorney under 28 U.S.C. § 1927. The award of fees and costs under the ADA, the MHRA, the Federal Rules, and § 1927 is discretionary, not mandatory.

**A.  Prevailing Party Award**

An award of attorney's fees against a plaintiff bringing a civil-rights claim, including claims under the ADA and MHRA, is appropriate if the claim "was frivolous, unreasonable, or groundless" or if "the plaintiff continued to litigate after it clearly became so." Christiansburg Garment Co. v. E.E.O.C., 434 U.S. 412, 422 (1978). Heartwood argues that Plaintiffs knew as early as the Rule 26(f) conference in March 2015 that the removal of the architectural barriers they challenged was not "readily achievable" under the ADA, and thus that their claims were groundless.

---

[1] Given Defendant's untimely filing, the Court will not consider Defendant's contention that Plaintiffs' submission of supplemental authority was also untimely.

The "readily achievable" issue was the subject of Heartwood's Motion for Summary Judgment, as well as its Motion to Strike, the full background of which is found in the Court's Order granting the Motions. (Docket No. 47.) Although the Court cannot condone Plaintiffs' lack of diligence in discovery, and indeed has sanctioned Plaintiffs for their untimely, insufficient disclosures, the Court is reluctant to impose additional sanctions for what is essentially a factual dispute. Heartwood's representation to Plaintiffs in March 2015 that it did not believe that barrier removal was readily achievable does not mean that Plaintiffs had no basis for continuing the lawsuit. Rather, it was Plaintiffs' duty to determine whether Heartwood's representation was correct. And while Plaintiffs' counsel did not undertake the investigative process that is to be expected of litigants challenging architectural barriers, the Court will not in this situation hold his clients accountable for that failure. In this case, the award of attorney's fees and costs under the ADA, MHRA, and Rule 54(d) is not appropriate.

**B.     § 1927**

Heartwood asks in the alternative that the Court hold Mr. Hansmeier personally liable for the fees and costs it incurred in this matter. An attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The question under § 1927 is whether "the attorney's conduct, viewed objectively, manifests either intentional or reckless disregard of her duties to the Court."

3

Quasius v. Schwan Food Co., No. 08cv575, 2010 WL 3218591, at * 2 (D. Minn. Aug. 13, 2010) (Ericksen, J.).

As noted in the Order granting Heartwood's Motion for Summary Judgment, Mr. Hansmeier utterly failed in his duties to the Court with regard to the untimely and insufficient declaration of his brother, submitted in a last-ditch effort to avoid summary judgment on the readily-achievable issue. (Docket No. 47 at 6.) Mr. Hansmeier's decision to ignore his client's discovery burdens and his attempt to circumvent the Federal Rules certainly manifests "intentional or reckless disregard" of his duties to the Court. The Court finds that Mr. Hansmeier's conduct is precisely the type of unreasonable and vexatious litigation tactics that § 1927 is meant to address.

Heartwood asks the Court to determine that Mr. Hansmeier is responsible for the full amount of its attorney's fees and costs, which in its initial memorandum amounted to nearly $80,000, and have no doubt increased during Plaintiffs' appeal. Imposing the entire amount of Heartwood's fees and costs, however, is not appropriate in this instance. Again, although the Court does not condone Mr. Hansmeier's conduct, neither is the conduct so egregious to warrant imposition of the full amount of Heartwood's fees. Rather, the Court finds that Mr. Hansmeier should personally pay $5,000 toward Heartwood's attorney's fees and nontaxable costs under § 1927, as a sanction for the dereliction of his duties to the Court.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Renewed Motion for Attorney's Fees and Nontaxable Costs (Docket No. 72) is **GRANTED in part** and **DENIED in part**, and Plaintiffs' former attorney Paul Hansmeier is personally liable for payment of $5,000 toward the attorney's fees Defendant incurred in this matter.

Dated:  July 25, 2018               *s/ Paul A. Magnuson*
                                    Paul A. Magnuson
                                    United States District Court Judge